EL DORADO *v.* RITCHIE GROCERY COMPANY.

Opinion delivered July 15, 1907.

ADVERSE POSSESSION—STREET OF CITY.—Adverse possession of a street of an incorporated town for the statutory period will give title to the occupant and bar the town.

Appeal from Union Chancery Court; *Emon O. Mahoney,* Chancellor; affirmed.

*Bunn & Patterson,* for appellant.

On the question of acquiring title by adverse possession against the city after the dedication to it, this case is controlled by 58 Ark. 142. See also 42 Ark. 118.

One who is in the enjoyment of an easement can not plead the statute of limitations by adverse possession against another who holds under an easement not inconsistent with the right of the claimant. 54 Ark. 608.

*Smead & Powell,* for appellee.

58 Ark. 142, relied on by appellant, is not in point. Wright's possession in that case was consistent with the right of the city, and there was no act on his part in his lifetime, or by his heirs, giving notice to the city of any intention to deny its rights.

For the distinction between a stranger and a vendor in such cases, see 69 Ark. 567.

This case is controlled by 41 Ark. 52. See also 58 Ark. 156; 75 Ark. 514; 9 Am. & Eng. Enc. of Law (2 Ed.), 51.

BATTLE, J. The property in controversy in this suit is a certain strip of land, sixty feet wide, in the incorporated town of El Dorado, in this State, and is claimed by that town as a street. On the 13th day of April, 1892, C. W. Smith, T. J. Moore and his wife, S. E. Moore, being the owners thereof, donated it to the incorporated town of El Dorado for street purposes. A condition of this donation was as follows: "This property was dedicated to the town on condition solely that it was to be surveyed, laid out as streets, opened and put in good condition, as streets, and kept up and worked as such; and when the town failed or refused to keep them up as such streets, they are to revert to the present owners and donors or their assigns or successors." The town failing to survey, lay out or open it as a street for about two years, C. W. Smith, T. J. Moore, and Mrs. S. E. Moore conveyed it and other lands, on the 8th day of March, 1894, to R. A. Faulkner, who on the 17th day of February, 1893, conveyed one-half of it to W. M. Green, who and Faulkner, on the 4th day of May, 1903, conveyed to W. W. Brown and John C. Ritchie, who in 1903 conveyed it to Ritchie Grocery Company. The last grantee and those under whom it holds have held actual, open, continuous, hostile, exclusive, adverse possession of it for more than seven years, building and constructing lasting, permanent and valuable improvements on the same. By this means it acquired title to the property.

The town of El Dorado insists that it is entitled to hold the property under *Little Rock* v. *Wright,* 58 Ark. 142. In that case this court held: "Where a city has accepted the dedication of a public street, subsequent continued possession by the dedicator will not be presumed adverse to the city, nor the city's right lost by delay for more than seven years in opening up the street for public use, in the absence of proof of adverse holding."

In *Ft. Smith* v. *McKibbin,* 41 Ark. 45, it was held that "municipal corporations are bound, as individuals are, by the

statute of limitations, and adverse possession of an alley in a city for the statutory period will give title to the occupant and bar the city." In *Helena* v. *Hornor,* 58 Ark. 151, this ruling was approved and followed. In *Graham* v. *St. Louis, I. M. & S. R. Co.,* 69 Ark. 562, the distinction between cases like *Little Rock* v. *Wright,* 58 Ark. 142, and cases like this is pointed out as follows:

"The distinction between a vendor and a stranger in such a case relates to the character of evidence necessary to show that the possession was adverse. If the parties are strangers in title, possession and the exercise of acts of ownership are, in themselves, in the absence of explanatory evidence, proof that the holding is adverse; whereas, if the vendor,· after having executed deed, continues to remain in possession, the natural and reasonable inference, in the absence of evidence to the contrary, would be that he holds in recognition of the rights of the person to whom he has conveyed; it not being supposed, from mere acts of possession and ownership not inconsistent with the rights of the vendee, that the vendor intends to deny the title he has conveyed."

In this case the possession was held by strangers.

Decree affirmed.