Simon *v.* Pemberton.

## Opinion delivered March 23, 1914.

1. Dedication—deed—when irrevocable.—A deed which recites "The present alley-way ten feet in width immediately west of and adjoining said property is hereby donated to the public," operates as a dedication of the alley in question to the public, which became irrevocable. (Page 205.)

2. Injunction—removal of building from public alley.—Where appellant erected a brick building on a public alley-way between the property of appellant and appellee, the appellee may maintain a suit for an injunction against the maintenance of the building, and to compel its removal. (Page 206.)

3. Nuisance—action to abate—laches.—Where appellant erected a brick building on an alley between property belonging to appellant and appellee, a delay of four years by appellee in bringing an action to require appellant to remove the building, does not constitute laches, and will not bar appellee's action. (Page 206.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

One A. S. Caldwell was the owner of a part of block 257, which was bounded on the north by Markham Street and on the east by Chester Street in the city of Little Rock, Arkansas, and on January 1, 1898, conveyed to George E. Dodge and B. S. Johnson, a portion thereof in the form of a parallelogram 50 by 140 feet, beginning at the northeast corner of the block, fronting on Markham Street 50 feet and on Chester Street 140 feet. On January 27, 1898, the said Caldwell conveyed to S. R. Cockrill and Maxwell Coffin a portion of block 257, which was described as beginning at a point on the south line of Markham Street 60 feet west of the northeast corner of said block 257. This second lot was also a parallelogram and fronted on Markham Street 78 feet and reached a depth of 140 feet. It will thus be seen that a strip of land ten feet wide lay between the lots, and in the deed to Dodge & Johnson the following words appear: "The present alley-way ten feet in width immediately west of and adjoining said property is hereby donated to the

public." Appellant bought the Dodge & Johnson lot and received a conveyance describing a parcel of land as fronting sixty feet on Markham Street, but the title to only the east fifty feet was warranted, whereas the conveyance of the west ten feet was by a quitclaim deed, and it was shown without objection that appellant's grantor had never claimed the fee simple title to this ten-foot strip of land. Appellee purchased from Cockrill and Coffin the lot purchased by them, and was the plaintiff in the suit below, wherein he alleged the dedication by Caldwell of the alley separating his lot from the appellant's. Appellee alleged that said alley had been kept for the use of both himself and appellant, and for the public, until about four years prior to the institution of the suit, when appellant took possession of the said alley and caused to be built and erected across the entire north end thereof a brick building about twenty-five feet long and ten feet wide, and has since continued, without any right and against the wishes and protest of the appellee, to maintain said brick building and to close said alley, and continues now so to do; and that the action of appellant in closing said alley is without authority of law. Appellee alleged his special interest in said alley by reason of his ownership of adjoining property and a damage peculiar to himself which he suffered by reason of the erection of said building. Appellee prayed the issuance of a mandatory injunction requiring appellant to remove her building from the alley.

Appellant filed an answer in which she denied that the ten feet of land in question was an alley; but stated that she was the owner thereof. She denied that said ten-foot strip was kept open as an alley for the use of appellant, or any one else, and stated that it had never been accessible to the tenants on plaintiff's property, nor had it been accessible to the public in general. She admitted the erection of a brick building across said strip, but denied that this had been done without the knowledge of appellee, but stated she had about five years prior thereto erected said building and had since been in the

open, notorious and peaceable possession of said strip, and had paid the taxes thereon. She further stated that a curbing had been put in front of this strip along the street some years previously which prevented said strip from being used by any one as an alley. Appellant alleged that it would be a great injustice to require her to remove the building from the present location as it was of brick and could not be removed without destroying the present value of the building, and that if it were removed said strip could not be used by any one on account of the curbing in front of same, and alleged that plaintiff had so delayed bringing this suit that he was barred by laches.

Appellee filed an amendment to his complaint to the effect that the erection of the building on said strip of ground was especially damaging to his property in that his right to ingress and egress from Markham Street was completely blocked off and that the erection of said building has the effect of shutting off light and air from any building which he may desire to build on his land.

The proof upon the part of the appellee was that he suffered a damage peculiar to himself by reason of the presence of the building, and that he knew nothing of its erection until some months after it had been erected, whereupon he immediately went to the husband of appellant and protested against his action in having built the house over in the alley, and that he frequently thereafter remonstrated with appellee and insisted upon the removal of the building, and that appellee promised that this should be done. Appellee further testified that he inquired of appellant as to the cost of this building and the rent derived therefrom and refrained from the institution of this suit, to compel the removal of said building, in order that appellant might collect rent in a sum approximating the cost of the building.

Appellant offered proof tending to show that the public had never used this strip of land as an alley, but that it had only been used by appellant's tenants and that the

use by the public was interfered with by the curbing at the head of the strip along Markham Street.

*J. W. & J. W. House, Jr.,* for appellant.

1. If appellee had any rights he could have protected them in a court of law, and the court erred in granting a mandatory injunction. 4 Pomeroy, Eq. Jur., ¶ 1359.

2. Appellee is barred by laches. 75 Ark. 312; 137 Mich. 200; 8 Rich. Eq. 30; 227 Pa. 197; 53 Pac. 124; 158 U. S. 416.

3. Appellee showed no such damages or injury as entitled him to relief. 220 Pa. 65; 19 N. W. 435; 69 S. E. 68; 46 *Id.* 72; 19 Fed. 641; 34 N. E. 474; 78 *Id.* 853; 20 N. J. Eq. 530.

*W. H. Pemberton, pro se.*

1. The statute of limitation does not apply. No laches are shown.

2. Having dedicated the alley to the public, the dedication became irrevocable. 77 Ark. 177; *Ib.* 221, 570; 80 Ark. 489; 85 *Id.* 520; 91 *Id.* 355; 50 *Id.* 473.

3. Appellee suffered special and peculiar injury not suffered in common with the public. 50 Ark. 474; 77 *Id.* 227; *Ib.* 570.

SMITH, J., (after stating the facts). The deed from Caldwell to appellant's grantor was a dedication of the alley in question to the public, and this dedication became irrevocable. *Hope* v. *Shiver,* 77 Ark. 177; *Davies* v. *Epstein,* 77 Ark. 221; *Dickinson* v. *Ark. City,* 77 Ark. 570; *Brewer* v. *Pine Bluff,* 80 Ark. 489; *Stuttgart* v. *John,* 85 Ark. 520; *Frauenthal* v. *Slaten,* 91 Ark. 351.

The deed from Caldwell to appellee's vendors further recognizes the existence of this alley, for that lot is described as beginning at a point ten feet west of appellant's lot and this ten-foot strip between the lots was never conveyed to any one by Caldwell; in fact, as has been stated, the deed to appellant's vendor expressly recites the fact of its dedication, as an alley, to the public.

Appellant says that appellee is barred by laches in permitting the erection of this building and that it would be inequitable to compel her to remove it, and she cites us to cases holding that where, by an innocent mistake, erections have been placed a little on another's land and the damages caused by their removal would be disproportionate to the injury occasioned thereby, the court will not order their removal but will leave the party to his remedy at law, and that the doctrine applied by courts of equity in cases of that kind calls for a consideration of all the facts and circumstances to show what is just and right between the parties. It will not be necessary to review those cases, as the facts to which the doctrine of those cases were applied do not exist here. The chancellor found, no doubt, and that finding would not be contrary to the preponderance of the evidence, that appellee had no knowledge of appellant's intention of erecting the building, until after she had done so, and appellee did nothing thereafter which resulted in any changes in the situation of the parties, except to wait about four years before the institution of this suit; and it was shown that appellee was protesting during all this time against the maintenance of the building in the alley, and his action in refraining from the institution of this suit for a period of four years was a mere indulgence to appellant, which appellee explains as having been extended in order that she might derive from the rents of the property its approximate cost. Such delay is not laches. Appellee claimed no interest in the strip of land in controversy except a right to require it to be kept open as an alley, for the use of himself and the public in general, and he shows that he has no adequate remedy at law and that the cost of the building is not so great that an order for its removal would be inequitable. No significance is to be attached to the presence of the curbing, for, although its presence interferes to some extent with the public use of the alley, still this curbing had been built some time before the dedication of the strip of land to the public.

We think appellee has shown a special and peculiar injury, because of the erection of the building, not suf-fered in common with the public, and he has the right, therefore, to maintain this suit for an injunction against its maintenance and to compel its removal. *Packet Co.* v. *Sorrels,* 50 Ark. 466; *Davies* v. *Epstein,* 77 Ark. 227.

The decree of the chancellor ordering the removal of the building is therefore affirmed.