PEEPLES v. AYDELOTT.

Opinion delivered June 19, 1916.

1. PUBLIC ROADS—OBSTRUCTION—REMEDY.—The obstruction of a public road may be enjoined in equity.

2. PUBLIC ROADS—OBSTRUCTION—REMEDY.—Appellee constructed a gin partly upon land belonging to appellant, and partly belonging to a railroad company. Held, appellee could enjoin in equity, the action of appellant in attempting to close the only road affording ingress and egress to and from the gin.

3. LIMITATIONS—POSSESSION OF LAND—COVERTURE—LACHES.—Where appellee held land by permission from the owner, a married woman, and the period of her coverture extends back beyond the beginning of the tenant's occupancy, the latter is not barred from asserting her rights to the possession of the land by limitations; nor by laches since the tenant's occupancy was by permission.

Appeal from Prairie Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*J. L. Ingram* and *W. A. Leach* for appellant.

1. The cross-complaint was not responsive to the complaint; did not plead matters germane thereto and presented no defense; nor did it ask any equitable relief. It was simply a complaint in ejectment. The demurrer was waived. 98 Ark. 553; 90 *Id.* 117; 95 *Id.* 405; 27 *Id.* 235. The question cannot be raised here for the first time. 79 Ark. 499; 74 *Id.* 102; 57 *Id.* 589; 52 *Id.* 411; 23 *Id.* 746.

2. The evidence shows appellant owned the land in 1906. There has been no adverse holding. But she is a *feme covert* and the statutes of limitation do not run against her.

*J. G., C. B.,* and *Cooper Thweatt* for appellee.

The demurrer was ruled on by the court in its final decree. 88 Ark. 6; 30 *Id.* 552; 16 *Id.* 141; 11 *Id.* 423. The cross-complaint was no defense to complaint nor did it ask any equitable relief, but the court heard the whole case upon the merits. There was no proof to sustain the cross-complaint. The burden was on appellant to prove her title and she failed. No evidence of title was submitted or even set forth. Kirby's Digest, §

2742.   It was admitted that the fence was a nuisance and appellant was properly enjoined.

McCULLOCH, C. J.  Appellee, A. L. Aydelott, instituted this suit against appellant, alleging that appellant was the owner of a certain tract of land; that the C. R. I. & P. Railway runs diagonally across the southeast corner of the land, the right of way of the railroad being 100 feet wide on each side of the track; that the railroad had a freight depot, cotton platform and other buildings on its right of way north of the track; that appellee has erected and maintains on the north side of the railroad track a seed house and cotton gin; that the storehouse of appellee is situated in the town of Biscoe, east and adjacent to the track of the railroad; that running west from the town of Biscoe and on the north side of the railroad and parallel with it is a wagon road which is the only way the public has to travel from Biscoe to appellee's gin and seed house, and the freight depot and other buildings on the north side of the railroad; that appellee had secured from the railroad company a lease of the lands on which he erected his cotton gin; that on the second day of February, 1914, appellant constructed a fence across said dirt road, preventing its use by appellee and the general public; that the fence constituted a public nuisance and worked an irreparable injury to appellee, rendering his gin worthless.

The appellant answered and made her answer a cross-complaint, in which she admitted that she was the owner of the land described in the complaint; alleged that appellee had erected a gin house on a portion of said land and was in possession of same.

Appellee answered the cross-complaint; denied that appellant was the owner of that part of the land upon which appellee's gin house was situated, and set up that he had been in the peaceable and uninterrupted possession of same for more than seven years, and had thereby acquired title to the same.  He also embodied in his answer a demurrer to the cross-complaint, which set up

that same did not state facts sufficient to constitute a cause of action, and the court had no jurisdiction to grant the relief sought, and that if she had a remedy it was adequate and complete at law. Wherefore, appellee asked that the cross-complaint be dismissed.

The decree recites, among other things, that "this cause is submitted to the court upon the duly verified complaint of the plaintiff and the exhibits thereto, the answer and cross-bill of Bettie H. Peeples, the reply and demurrer of the plaintiff thereto and depositions of witnesses;  * * *  and after due consideration of said cause upon the pleadings and depositions of witnesses * * *  the court doth find for the plaintiff, and holds that the restraining order heretofore issued in this cause should be made perpetual." Then follows the decree enjoining appellant from interfering with the use of or obstructing the public highway, describing the same, and dismissing the cross-complaint of appellant for want of equity. Appellee died since the appeal was perfected and the cause has been revived in the name of his administrator and heirs.

(1) Appellant's attempt to obstruct the public road was wrongful, and the evidence adduced by appellee establishes the fact that he was rightfully in possession of the gin property, and was therefore entitled to seek the aid of the court of equity to restrain appellant from obstructing the road. The ground covered by the gin was a part of a tract of land originally owned by appellant's ancestor, William R. Harris, who died in the year 1856. She inherited an interest in the land and purchased the interests of the other heirs. The railroad company obtained a right of way 100 feet in width from W. R. Harris in the year 1854—that is to say, the predecessor of the present company obtained the right of way and it has been continuously occupied as a railroad right of way.

(2) The gin house is situated partly on the right of way and partly on the land of appellant, and it was built there by express permission of appellant and the railroad company. The gin house was destroyed by fire in the

year 1906, and was rebuilt by appellee with express permission of appellant and the railroad company. Thus it was that appellee acquired possession of the land covered by the gin house and has rightfully continued to occupy it, and this entitles him to prevent an obstruction of the road which affords the only approach to it. The special injury resulting to appellee, aside from that suffered by the public generally, is what gives him the right to sue. It follows, therefore, that the chancery court was correct in enjoining appellant from obstructing the road.

(3) The decree dismissing the cross-complaint being in appellee's favor, he had no cause to complain as to the action of the court in proceeding to trial without transferring it to a court of law. The court did not dismiss the cross-complaint because it was a cause of action cognizable at law, but on the contrary heard the cause upon its merits and dismissed the complaint for want of equity. We are of the opinion that the decree was correct, not because appellant failed to establish ownership of the land but because the testimony which she adduced showed affirmatively that she is not entitled to oust appellee from the possession at this time. Her own proof shows that she consented to the rebuilding of the gin house, and she has not proved any facts which entitled her to revoke that consent and deprive appellee of the enjoyment of his gin plant which he was thus induced to erect.

Appellant is a married woman, and the period of coverture extends back beyond the beginning of appellee's occupancy of the land. Therefore she is not barred by the statute of limitations. Nor is she barred by laches, for the reason that appellee's occupancy has been with her permission. The decree should not therefore be treated as adjudicating the title to the land against her, but leaves it open for her to assert her title whenever she proves that appellee has forfeited his right to further occupy the land. Having expressly consented for appellee to erect the gin plant on the land, she must first show that some-

thing has occurred to bring to an end the right of occupancy under that permission.

The decree is therefore affirmed.