## TOWN OF MADISON *v.* BOND.

### Opinion delivered April 8, 1918.

1. LIMITATIONS—THE STATE—THE PUBLIC.—While the State, in the exercise of its sovereign powers, is not barred by the statute of limitations, the public itself, in the assertion of rights through other agencies, is barred by the statute of limitation where there are no limitations in its favor.

2. MUNICIPAL CORPORATIONS—LIMITATIONS—OCCUPATION OF STREET.— An incorporated town ceased to elect officers or to exercise its functions as such. *Held,* this would not bar the running against it of the statute of limitations as to one occupying adversely a portion of a public street, since, in spite of the nonuser of the corporate franchise, it still existed and the town possessed the right to sue.

3. MUNICIPAL CORPORATIONS—NONUSER OF FRANCHISE.—No one but the State may challenge the existence of a municipal corporation, nor take advantage of the abandonment of the corporate rights.

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Fred F. Harrelson* and *J. W. Morrow,* for appellants.

1. The two streets are highways belonging to the State for use of the public and title can not be acquired

by adverse possession and limitation. 13 R. C. L. 163-5; *Ib.*, pp. 15-17, § § 2, 3, 5, 6; 103 Ark. 529; 66 *Id.* 44; 19 L. R. A. (N. S.) 1173.

2. The statute does not run against the State, nor cities and towns. 41 Ark. 45; Act 426, Acts 1907; 103 Ark. 529.

2. The town of Madison had no officers, no one to sue from 1905 to 1914. The town is not barred. No title can be acquired by adverse possession to the streets of a town. Cases *supra.*

*Walter Gorman* and *C. W. Norton,* for appellee.

1. The State is a mere nominal party. Wood on Lim. of Actions, 88; 25 Cyc. 1006; 17 R. C. L. 972. The State has no real interest and the public is barred. 41 Ark. 45; 129 Ark. 339; 103 Ark. 529.

2. Appellants are barred. The act of 1907 does not affect appellees rights or title. 25 Cyc. 1226; 17 R. C. L. 827; 10 Ark. 516. Municipal corporations are within our acts of limitation unless expressly saved.

3. The town is incorporated and has always had officers who could sue.

McCULLOCH, C. J. The town of Madison, in St. Francis County, Arkansas, was originally the county site of that county and was incorporated in the year 1859 by a special act of the Legislature. The corporate functions were duly exercised until after the county site was removed to Forrest City in the year 1872, but a few years thereafter there was a complete cessation of the exercise of the franchise and no officers of the town were elected. In the year 1914 there was a reincorporation of the town of Madison under the general statutes of the State authorizing the incorporation of cities and towns.

In the center of the town of Madison, not far from the bank of the St. Francis River, there is a plot of ground commonly known as "Court House Square" which presumably was the original location of the county court house. On the north side of the square was a street

called North Washington Street, which was used by the public in traveling to the river ferry; and on the south side of the square there was a street called South Washington Street, which was also used by the public as a highway. Appellee acquired title to ''Court House Square'' in the year 1902 and continues to be the owner and occupant thereof. In the year 1905 appellee occupied that part of South Washington Street adjoining the square and built a seed house and platform covering that area. He has continuously occupied this space, claiming to be the owner thereof up to the present time.

This action was instituted in the chancery court of St. Francis County against appellee by the incorporated town of Madison and by the State of Arkansas on the relation of the prosecuting attorney of the district, and also by one Berry, a citizen and property owner of the town, for the purpose of restraining appellee from obstructing the so-called street and to require him to remove the obstructions which he had placed and maintained in the street. Appellee answered pleading the statute of limitations in bar of the right of either of the appellants to require him to remove the obstructions from the street. The chancellor sustained appellee's contention and rendered a decree in his favor dismissing the complaint so far as it pertained to appellee's occupancy of South Washington Street. Appellee also occupied North Washington Street for a time, but the decree was against him on that feature of the case and it has passed out of consideration.

This court decided in *City of Fort Smith* v. *McKibbin,* 41 Ark. 45, that the statute of limitations ran against municipal corporations by adverse occupancy of streets and alleys. The law was thereafter changed by the Legislature as to cities, but there has been no change in the law with respect to incorporated towns until the year 1907, when the Legislature passed an act providing that no title or right to possession of any alley, street or public park can be acquired by adverse possession against the rights

of the public or any city or incorporated town. That statute, however, contains an express provision to the effect that it applies only to "adverse possession or occupancy commenced or begun after the passage of this act." Acts of 1907, p. 1147.

It is argued that the McKibbin case, *supra,* involved only the question of the acquisition of title by limitation to an alley, and that the right to plead limitations based upon occupancy of a public street was not involved. It is contended that a different rule should be applied to streets for the reason that they constitute public highways in which the general public is interested. The case of *Sanderson* v. *Texarkana,* 103 Ark. 529, is cited in support of the contention. While it is true that the McKibbin case, *supra,* dealt solely with the question of occupancy of an alley, the scope of the decision embraced streets of a city as well, and the rule was laid down very broadly that a municipality represented the public in the control of the streets and alleys, and that the public was barred the same as an individual by the statute of limitations. We have reiterated the rule in a very recent case that while the State in the exercise of its sovereign powers is not barred by statutes of limitation, the public itself in the assertion of rights through other agencies is barred by statutes of limitation where there are no exceptions in its favor. *Gathright* v. *State use Little River County,* 195 S. W. 1069.

It is also argued that the statute of limitations does not run in this case because, during the cessation of operation of corporate functions, there was no one capable of suing. *Sorrels, Admr.,* v. *Trantham,* 48 Ark. 386. No one but the State could challenge the existence of the corporation or take advantage of the abandonment of the corporate rights. So in theory the corporation remained in existence and the statute ran against the rights which the public exercised through the agency of the corporation. The corporation was, in fact, in existence and fully capable of suing to protect the rights of the public al-

though there were no officers of the corporation to exercise its functions. The right, however, to sue existed.

The evidence adduced at the trial before the chancellor supported appellee's claim of adverse occupancy for the statutory period, and under the law as declared by this court that occupancy ripened into title by limitation.

Decree affirmed.