## PORTER *v.* HUFF.

Opinion delivered January 21, 1924.

HIGHWAYS—ADVERSE POSSESSION.—Where a landowner placed gates across a road running through his land and maintained same for 10 or 11 years with the public's acquiescence, the public lost any right it previously had in such road.

Appeal from Fulton Chancery Court; *Lyman F. Reeder,* Chancellor; affirmed.

*E. H. Lamore* and *H. A. Northcutt,* for appellant.

1. The public has established a right to use the roadway by prescription. 102 Ark. 553.

2. The obstruction of the road worked a peculiar injury to appellant, not common to the general public, and he is entitled to have the same abated as a nuisance. 89 Ark. 177; 77 Ark. 228.

*C. E. Elmore,* for appellee.

1. Appellee had the right to discontinue the permissive travel through his premises at any time. The fact that he kept up his fence and gates since 1912 shows that he never intended to dedicate the road to public use, and that those who passed through his farm did so permissively. To constitute a public road by adverse use, this use must be open, adverse, notorious and continuous for seven years, and with the knowledge of the owner of the land. 47 Ark. 431; 50 Ark. 53. See also 47 Ark. 66; 135 Ark. 496; 59 Ark. 35-42; 83 Ark. 236, 240.

HUMPHREYS, J. The question presented by this appeal for determination is whether appellee had the right to obstruct a road running through his land to the Moton school and churchhouse and burying ground, situated on the Ash Flat road. He purchased the land over which the road ran from appellant in 1911, and moved thereon in the early part of the year 1912. He inclosed same in April, 1912, and, in doing so, built a fence on the division line between appellant and himself, placing a gate at the point where the road crossed the dividing line. Before leaving his land the road passed through his barn lot, where he placed two more gates. These gates remained across the road for ten or eleven years, at which time he built a new fence on his own side and closed up the gate. During the ten or eleven year interval appellant and his family used the road in going to and from the school and church. Other neighbors occasionally used it. The gates were opened and closed by those who made use thereof. The road was never worked by the public. The county court exercised no actual control over it by appointing a road overseer or otherwise. Appellant introduced testimony tending to show that, before the gates were put in, the public had used the road, more or less, for forty or fifty years. Appel-

lee testified that the so-called road was a mere way or trail through his land, which he permitted his neighbors to use as a matter of convenience.

Appellant seeks to reverse the decree of the chancery court upon the ground that the public had either acquired a right to use the road by prescription, or else by using it openly, continuously, and adversely for more than seven years. It is unnecessary to decide whether the public acquired a right to the use of the road as a public road by prescription or seven years adverse possession, for it lost any right it may have acquired by acquiescing in a permissive use thereof for a period of more than seven years after the road was closed by gates. When appellee inclosed his land and placed gates across the road, it was notice to the public that thereafter they were passing through the land by permission, and not by right. The undisputed evidence shows that these gates were maintained by appellee across the road for ten or eleven years, without objection on the part of the public.

No error appearing, the judgment is affirmed.