LANGFORD *v.* GRIFFIN.

Opinion delivered May 20, 1929.

*Patterson, Patterson & Patterson* and *Hugh Basham,* for appellant.

*Jesse Reynolds,* for appellee.

HUMPHREYS, J.   This suit was instituted in the chancery court of Johnson County by appellant against appellee to enjoin him from closing or obstructing an alley 15 feet wide, running east and west between lots 6 and 8, block 5,  as shown by the original plat of the city of Clarksville, Arkansas.   According to the plat, the lots, as well as the alley in question, fronted on Fulton Street, and the alley intersected another alley running north and south in the rear of lot 8.   Appellant alleged in his complaint that he was the owner of lot 8, and that appellee, who was the owner of lot 6, had constructed a garage in the west end of the alley, and was threatening to put a fence across the front or east end thereof.

Appellee filed an answer, admitting that he was in possession of and exercising acts of ownership over the alley, but alleging that he and his grantors had acquired title thereto by continuous, adverse possession, which began before the passage of the act of May 28, 1907 (§ 7570, Crawford & Moses' Digest), prohibiting the acquisition of streets and alleys by adverse possession.

The cause was submitted to the court upon the pleadings and testimony adduced by the respective parties, which resulted in a dismissal of appellant's complaint for the want of equity, from which is this appeal.

The record reflects, according to the undisputed testimony, that lot 8 was owned by A. P. May and lot 6 by John M. Davis in the year 1895; that Davis purchased and procured a deed to the alley in question from the city of Clarksville, and inclosed it with a fence during that year; that in 1896 A. P. May brought a suit in the chancery court of Johnson County against John M. Davis and the city of Clarksville to cancel the deed and to enjoin John M. Davis from obstructing the alley, the trial of which resulted in a decree canceling the  deed and perpetually enjoining John M. Davis from inclosing or obstructing the alley, and that, pursuant to the decree, the alley was opened in the year 1896.

The record reflects a dispute in the testimony as to whether the alley was subsequently closed.

In 1898 John M. Davis conveyed lot 6 to his mother, Emma Davis, for life, with reversion to him at her death. She died early in the year 1927, and in August of that year John M. Davis conveyed lot 6 to appellee by warranty deed.

According to the testimony introduced by appellee, John M. Davis, who owned the reversionary interest in lot 6, and his mother, who owned a life estate therein, agreed with A. M. McKennon, who then owned lot 8, to close the alley, and that, pursuant to the agreement, it was closed, and never thereafter opened to use by the public; that Emma Davis used it exclusively during her life in connection with lot 6, and that, upon her death, John M. Davis entered into possession thereof and continued to hold the possession until he sold lot 6 to appellee, at which time he delivered possession thereof to him; that appellee and his grantors acquired title to the alley by continuous and adverse possession thereof from 1902 to the present time.

The testimony introduced by appellant was to the effect that the alley was never inclosed or claimed by any one after the rendition of the injunction decree against John M. Davis in 1896 until long after the passage of the act above referred to.

Under the facts detailed above, appellees' claim of title to the alley is necessarily a claim of title thereto by adverse possession of himself, John M. Davis and John M. Davis' mother, Emma Davis. His deed from John M. Davis in 1897 was for lot 6, and did not embrace the alley. If he obtained possession of the alley from John M. Davis and John M. Davis succeeded his mother in possession thereof, and the two of them inclosed the alley in 1902 under an agreement between John M. Davis and A. M. McKennon, who owned lot 8 on the south side of the alley, it was all in violation of the decree rendered against John M. Davis in favor of A. P. May in 1896, permanently enjoining him from entering into possession of the alley. It is argued that neither appellee nor Emma

Davis were parties to the injunction suit, and were not and are not bound by the decree rendered therein. In this contention appellee is mistaken, for the decree was binding upon John M. Davis and all persons in privity of estate with him. Appellee's claim of title to the alley is based upon his privity in estate thereto with John M. Davis, else he has no claim at all. As John M. Davis was enjoined from obstructing or entering into possession of the alley, the continuity of appellee's possession was necessarily broken. In the face of the decree, he could not acquire title by continuous, adverse possession through John M. Davis.

Appellee states, however, that the trial court dismissed appellant's complaint because he failed to show that he had suffered or would suffer any special damages to his lot not suffered by the public by reason of the alley being closed. In support of the theory that an individual cannot maintain an injunction to prevent the acquisition of an alley without first showing some special or peculiar injury to his own property by reason thereof, appellee cites the cases of *Packet Company* v. *Sorrels*, 50 Ark. 466, 8 S. W. 683; *Texarkana* v. *Leach*, 66 Ark. 40, 48 S. W. 807, 74 Am. St. Rep. 68; *Dickinson* v. *Arkansas City Improvement Co.*, 77 Ark. 570, 92 S. W. 21, 113 Am. St. Rep. 170; *Simon* v. *Pemberton*, 112 Ark. 202, 165 S. W. 297. The doctrine contended for is recognized in the cases cited, but in the instant case it is apparent that the closing of the alley would deprive appellant of the right of ingress to and egress from his lot by way of the alley, in addition to the injury suffered by the public. Appellee argues that the appellant could not suffer a peculiar injury to his lot on this account, because he had access to same from Fulton Street and from another alley in the rear thereof. The fact that appellant had other entrances to his lot would not keep him from suffering special and peculiar damages if his entrance by the way of the alley in question were destroyed. The deprivation of any entrance to or exit from one's

property is a special or peculiar damage to it not suffered by the public in general.

On account of the errors indicated the decree is reversed, and the cause is remanded with directions to enter a decree permanently enjoining appellee from in any way obstructing or closing the alley in question.