SULLIVANT v. CLEMENTS.

Opinion delivered February 10, 1930.

*Isaac McClellan* and *Clary & Ball*, for appellant.

*Nathan Nall* and *George H. Holmes*, for appellees.

KIRBY, J. Appellant prosecutes this appeal from a judgment for damages obtained against him by appellees for the obstruction of an alleged public road interfering with their hauling logs to and lumber from their mill to the State highway.

Appellant denied the allegations of the complaint, and filed a demurrer and cross-complaint.

The testimony shows that the road had been used by the public, the people living in that neighborhood and beyond, for 40 or 50 years, although some of the witnesses testified that it had fallen into disuse and had been used very little, if at all, for the last 10 or 15 years. Appellant admitted, too, that he had given appellees permission to haul over the road that ran across his land. The testimony showed that appellant had obstructed the road by tearing up some of the bridges, cutting trees down across the road, and rolling logs into the road, as well as removing some of the causeway put down by appellees. Appellees had bought some timber on some land there, and put the mill on one of the tracts of land on which they had bought the timber, expecting to use this old road in hauling the logs to the mill, and lumber from the mill to the State highway. It was the most convenient, if not the only way, to and from the mill. It was shown that, because of appellant's activity in obstructing the road, it got so bad that some of the teamsters that had hauled lumber at so much per thousand feet quit their contracts, and appellees were compelled to hire them at a specified amount per day. That finally the interference got so bad that appellees were compelled to move their mill; and the testimony showed that appellant continued to obstruct the road and harass the teamsters when they were hauling the logs from the old to the new mill-site. Appellant admitted, that he had consented for appellees to use the road in hauling the logs and timber, and gave no explanation of having withdrawn this permission. He

also testified about the damages done to his unfenced lands, through which the road ran, by reason of the use of it for the transportation of logs to and lumber from the mill. The jury returned a verdict for $150 damages for appellees, and from the judgment thereon this appeal comes.

Appellant insists that the court erred in not directing a verdict in his favor, and also in overruling his general demurrer to the complaint.

It is insisted that no special damages were suffered by appellees because of appellant's obstruction of, and interference with, their use of the road more than resulted to all others using the road and the public generally. Such is not the case, however. The undisputed testimony shows that this was the most convenient, if not the only practical, way to and from the mill in supplying it timber and transporting the lumber to the market; and this court has held that the deprivation of an entrance to, or exit from, one's property is a special or peculiar damage to him, different from that suffered by the general public, and for which an action will lie. *Langford* v. *Griffin*, 179 Ark. 574, 17 S. W. (2d) 296; *Peeples* v. *Aydelott*, 125 Ark. 50, 187 S. W. 671.

Moreover, appellant, having expressly consented for appellees to use the old road across his land, was bound to show that something had occurred to bring to an end or terminate the right of occupancy and use of the road under that permission, which the jury evidently found he had not done.

We find no error in the record, and the judgment is affirmed.