SIMPSON *v.* STATE.

4412                                                    195 S. W. 2d 545

Opinion delivered July 1, 1946.

*O. A. Featherston,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

HOLT, J. Appellant, Dr. W. B. Simpson, was found guilty by a jury on a charge of obstructing a public road and a fine of $1 assessed as punishment. This appeal followed.

The evidence is to the following effect. The road in question passes over an 80-acre tract of land owned by

appellant and had been used by the public for thirty-five or forty years. In 1928 or '29, appellant erected gates obstructing this road, one where the road enters his land and the other on the opposite side where it passed off his property. The gates were opened and closed by those who made use thereof. There was no statutory dedication of this road and the county court exercised no jurisdiction over it by appointing a road overseer or otherwise. No money was spent by the county in its upkeep and it was never recognized as being a part of any road district.

Some time in early November, 1945, appellant locked the two gates and denied further use of the road to the public.

In these circumstances, appellant earnestly insists that there was no substantial evidence that the road obstructed was a public road, and we think he is correct in this contention. It was necessary, of course, for the State to prove that it was a public road before a conviction could be had.

Prosecution was had under § 3434 of Pope's Digest which provides: "If any person shall obstruct any public road by felling any tree or trees across the same, or placing any other obstruction therein, he shall be guilty of a misdemeanor, etc."

Any prescriptive right that the public might have acquired in this road prior to 1928 or '29 was lost by it when appellant, without objection on the part of the public, was permitted to erect the gates, *supra,* and thereafter for a period of seven years, in fact for approximately seventeen years, maintain them across this road.

In *Porter* v. *Huff,* 162 Ark. 52, 257 S. W. 393, this court said: "It is unnecessary to decide whether the public acquired a right to the use of the road as a public road by prescription, or seven years adverse possession, for it lost any right it may have acquired by acquiescing in a permissive use thereof for a period of more than seven years after the road was closed by gates. When appellee inclosed his land and placed gates across the road, it was notice to the public that thereafter they

were passing through the land by permission, and not by right. The undisputed evidence shows that these gates were maintained by appellee across the road for ten or eleven years, without objection on the part of the public." See, also, *Howard* v. *State* and *Howard* v. *State,* 47 Ark. 431, 2 S. W. 331, and *Pierce* v. *Jones,* 207 Ark. 139, 179 S. W. 2d 454.

Since it appears therefore that the road which appellant was charged with having obstructed was not a public road, he was guilty of no offense in obstructing it, or in denying its further use to the public. Accordingly, the judgment is reversed and the cause dismissed.