KENNEDY *v.* CROUSE.

4-8829                                          218 S. W. 2d 375

Opinion delivered March 21, 1949.

*H. J. Denton,* for appellant.

*Ernie E. Wright,* for appellee.

GEORGE ROSE SMITH, J. In 1903 M. C. Burke platted Cotter Heights Addition to the town of Cotter. The bill of assurances described the addition by metes and bounds, its northern boundary being the north edge of a road sixty feet wide, platted as Glen Street. This street ran parallel to, and forty-five feet south of, a sixteenth section line. The intervening strip was not part of the addition and has not been subdivided by any later plat.

Grover Cole formerly owned twenty acres bounded on the south by the sixteenth section line. The unplatted forty-five-foot strip lay between his land and Glen Street. In selling the square acre on which appellant's home is now situated, Cole reserved along the east side a lane fourteen feet wide. Appellee's home is just north of appellant's, the reserved lane continuing past his property. Thus the contiguous lands of appellant and appellee both lie next to a lane which would have given access to Glen Street had it not been for Burke's unplatted strip. Glen Street has since been paved and is part of Highway 62.

Appellant now owns, in addition to his homestead, a segment of the unplatted strip, this tract lying between the highway and the south end of the lane. Until 1930 the public crossed this segment to enter the lane; if this use actually continued for more than seven years a prescriptive right may have been acquired. But in about 1930 one of appellant's predecessors in title constructed a fence along the highway and inserted a gate which obstructed the alley previously used by the public. It was proved that the gate remained in place until this suit was brought by the appellee in 1947. The chancellor granted the prayer for an injunction restraining the maintenance of the gate; this appeal questions his decree.

Having found that the public had acquired an easement across the unplatted strip, the trial court concluded that appellant's adverse possession could not destroy the public right. Ark. Stats. (1947), § 19-3831. But the sit-

uation presents a question of abandonment by the public as well as one of adverse possession by the abutting owner. We have held that if the general public acquiesces for more than seven years in the existence of a gate across a road established by prescription, its conduct amounts to an abandonment of the prescriptive right, entitling the owner to close the gate permanently. *Porter v. Huff,* 162 Ark. 52, 257 S. W. 393; *Simpson v. State,* 210 Ark. 309, 195 S. W. 2d 545. Hence the public easement across appellant's strip was extinguished before the filing of this action.

The chancellor also believed the ruling in *Davies* v. *Epstein,* 77 Ark. 221, 92 S. W. 19, to be applicable. There the plat of Lake Village dedicated a fifty-foot street along the lake front. In fact it was more than fifty feet from the water line to the lots shown on the other side of the street. We held that since it could hardly have been the proprietor's purpose to deny public access to the lake —which was shown by the plat to extend to the street— his intention must have been to dedicate to public use all the land lying between the platted lots and the water. Here the situation is essentially different. Cotter Heights Addition was described by metes and bounds and did not include the strip in question. The sixteenth section line is not even shown on the plat; for the drawing reveals that the upper border of the plat is only twenty-five feet north of Glen Street, according to the draftsman's scale of measurement. Finally, in the *Davies* case the lake front was a tangible factor evidently considered in the plans of the proprietor. Here the sixteenth section line is an imaginary one to which there is no reason for providing access. We find nothing in the plat to support the suggestion that the forty-five-foot strip was dedicated to public use.

Appellee's remaining contention is based on testimony that the highway, as developed and improved from time to time, has gradually been shifted southward in order to widen the angle of a curve west of this land. While the right of way may have once followed Glen Street as platted, or even have been north of it, the high-

way has been moved so far south that the disputed gate is actually upon ground originally dedicated as Glen Street. If the town of Cotter should make this contention we might be presented with the question of whether the movement of the highway southward constituted an abandonment *pro tanto* of the street as dedicated, so that the land reverted to the abutting owner free from the public easement. But a private citizen cannot complain of an asserted encroachment upon a street unless he can show special damage aside from that suffered by the general public. *Sullivant* v. *Clements*, 180 Ark. 1107, 24 S. W. 2d 320. Here the appellee would have no ingress to his land even if the gate were removed, for after traveling the dedicated portion of Glen Street he would have no right to continue across the unplatted strip between his home and the original street. Thus his situation with respect to the gate is the same as that of the public generally.

The decree is reversed and the cause remanded for consideration of appellant's claim for damages arising from the destruction of his gate during the course of this controversy.