RANEY v. GUNN.

4-9805                                          253 S. W. 2d 559

Opinion delivered June 23, 1952.

*Arthur Sneed,* for appellant.

*E. G. Ward,* for appellee.

GRIFFIN SMITH, Chief Justice. Plaintiffs and defendants each own eighty acres, forty having a common boundary. A road, constructed over half a century ago, entered defendants' property from a country road on defendants' south boundary describing an arc across defendants' property and passing a dwelling on plaintiffs' land.

In August, 1951, defendants closed gates on the road and attempted to extinguish it. Plaintiffs sought injunctive relief as members of the public entitled to benefits of prescriptive right to the road. The Chancellor denied the petition, finding that the public had abandoned.

Appellants contend that Act 666, 1923, (Ark. Stat's 37-109, 110) prevents private control or possession of a public thoroughfare from ripening into title.

Witnesses testified that the road had been in public use prior to 1926, for an indeterminate period. At that time defendants' property was owned by a predecessor.

There was evidence that the road was laid out more than 62 years ago, and that it was formerly used as a mail route.

In 1928 two gates were erected on the portion of the road crossing defendants' land. These were maintained by defendants or their predecessors. The wife of a former owner,—an owner who erected the gates—testified that they were built to exclude stock from a pasture. Plaintiff likewise testified that the gates were used for the purpose of keeping cattle and stock from "mixing up."

There is no dispute that the gates have been maintained since 1928 and that they restricted the hitherto permissive right of the public to use the road. The question is whether Act 666 made it legally impossible for the prescriptive right to be lost by abandonment.

Our decisions adhere to the view that such rights can be lost by non-use, and that the owner of the fee may reënter and acquire the fee after lapse of the statutory period for adverse possession. Whether this rule is changed, in circumstances here present, by Act 666, is the issue. This Act has not been construed.

Appellant argues that abandonment, if present here, resulted in nothing but adverse possession by defendants, which under Act 666 could not effect a reinvestiture of title.

It should be noted that Act 666 prevents acquisition of title to a public thoroughfare by adverse occupancy. Being in derogation of the common-law rule, a strict construction is required. Applying this exactitude of construction, we are not able to say it was the intention of the General Assembly to prevent title to an abandoned

thoroughfare, created by prescription, from reverting to the owner of the fee after lapse of the statutory period.

The public's use of this road was based on its passage over the property, not by dedication through a governmental or quasi-governmental agency. When the landowner restricted such use by erecting gates in 1928 and maintaining them subsequently, members of the general public ceased to use the road. This constituted an abandonment. Appellees' rights were not dependent upon affirmatively establishing adverse possession. Instead, appellants had the burden of proving that a prescriptive right to use the road still existed, and they failed.

Appellants urge that presence of the gates was not evidence of public abandonment, but was rather an invitation to the public to use the road with an implied understanding that the gates would be closed.

After the gates were erected public use of the road became permissive. Prescription ceased and no move was made to preserve it. Acquiescence became abandonment and the public right expired.

Affirmed.

ED. F. McFADDIN, Justice (dissenting). My dissent is because I am unable to find any way to keep from applying Act No. 666 of 1923. That Act was captioned: "An Act to Prohibit the Acquiring of Public Property by Adverse Possession, and for Other Purposes"; and, as now found in § 37-109, et seq., Ark. Stats., reads in part:

"Hereafter no title or right of possession to any public thoroughfare, road, highway or public park, or any portion thereof, shall or can be acquired by adverse possession or adverse occupancy thereof, and the right of the public or of the proper authorities of any county to open or have opened any such public thoroughfare, road, highway or park, or parts thereof, shall not be defeated in any action or proceeding by reason of or because of adverse possession or adverse occupancy of any such public thoroughfare, road, highway or park, or

any portion thereof, where such adverse possession or occupancy commenced or began after the passage of this act.''

Apparently this Act has been overlooked until the present time. Certainly it was not referred to in any of the following cases: *Stoker* v. *Gross,* 216 Ark. 939, 228 S. W. 2d 638; *Kennedy* v. *Crouse,* 214 Ark. 830, 218 S. W. 2d 375; *Mount* v. *Dillon,* 200 Ark. 153, 138 S. W. 2d 59, and *Porter* v. *Huff,* 162 Ark. 52, 257 S. W. 393. Yet the plain language of the Act—as I read it—says that when a road has become a public road, its public nature cannot be lost by adverse possession or adverse occupancy. In the case at bar, the trial court held that the road in question was a public road in 1926 and that it was not until 1928 that gates were first placed across the road. Under said Act No. 666 of 1923, the only way a public road can cease to be a public road is by something other than mere abandonment or adverse possession.

Act No. 666 of 1923 is strikingly similar to Act No. 426 of 1907, as now found in § 19-3831, Ark. Stats., which relates to streets in cities and towns. Prior to the said Act No. 426 of 1907, this Court held, in *El Dorado* v. *Ritchie,* 84 Ark. 52, 104 S. W. 549, that there could be adverse possession of a street in an incorporated town. To overcome that holding, the Legislature passed Act No. 426 of 1907; and in *Madison* v. *Bond,* 133 Ark. 527, 202 S. W. 721, this Court recognized that if the street had been an open street in 1907, then it remained an open street.

In the case at bar, the road here involved was an open road in 1926 and there was no attempt to close it until 1928. I think it still remains an open road, and that the way to close a public road is by order of the County Court, as contained in § 76-918, *et seq.,* Ark. Stats. I regard it as unfortunate that Act No. 666 of 1923 was not called to the attention of the Court in earlier cases, but I cannot ''get around'' the plain wording of the Act; and, to me, it means once a public road, always a public road, until closed by proper order.

Therefore, I respectfully dissent from the majority holding.