McKnight *v.* Tate.

5-160                                          261 S. W. 2d 793

Opinion delivered November 2, 1953.

*Harold L. Hall,* for appellant.

*Ed E. Ashbaugh,* for appellee.

Paul Ward, J. W. H. McKnight, appellant and plaintiff below, filed suit in the Chancery Court against F. E. Tate, appellee, asking to have appellee restrained from obstructing the use of an alley in Block 20 Bellview Addition. The material allegations of the complaint are: That appellee is the owner of lots 4, 5, and 6 in said Block 20; that a 20-foot alley bisects said block running east and west, and; that said alley was dedicated to the public use in a Bill of Assurance of Bellview Addition of Pulaski County. It is further alleged that the defendant has erected a fence across said alley, blocking the same, and depriving the plaintiff and the public of the use of said alley.

To the above complaint appellee filed a demurrer on the ground that the complaint does not state a cause of action, and the same was sustained by the trial court. It is our conclusion that the trial court was correct.

The rule is, in such instances, that a private citizen cannot complain of an encroachment upon a city street or alley unless he can show special damage aside from that suffered by the general public. In *Kennedy* v. *Crouse,* 214 Ark. 830, at page 833, 218 S. W. 2d 375, the rule was concisely stated in these words: "But a private citizen cannot complain of an asserted encroachment upon a street unless he can show special damage aside from that suffered by the general public."

We have repeatedly held that special damage accrues to one who has been deprived, by the obstruction of a street or alley, of the right of ingress and egress to and from his own property. From our opinion in *Sullivant* v. *Clements,* 180 Ark. 1107, 24 S. W. 2d 320, we quote: ". . . and this court has held that the deprivation of an entrance to, or exit from, one's property is a special or peculiar damage to him, different from that suffered by the general public, and for which an action will lie." (Citing other cases.)

The complaint here fails to state facts sufficient to bring it under the above rule. In *State ex rel. Letta* v. *Marianna,* 183 Ark. 927, at page 933, 39 S. W. 2d 301, the court said: "While the petitioner alleges that he has been damaged, no facts are stated as a basis for this statement . . ."

The complainant here merely states that he and the public have been deprived of the use of said alley, but fails to state facts to show in what manner he, any more than the general public, has been damaged.

The complaint being insufficient to state a cause of action, the demurrer was properly sustained.

Affirmed.