LUSBY *v.* HERNDON.

5-2708                                        361 S. W. 2d 21

Opinion delivered October 8, 1962.

*Robert W. Henry* and *Yingling, Henry & Boyett,* for appellant.

*Lightle & Tedder,* for appellee.

PAUL WARD, Associate Justice.  This litigation is between adjoining landowners over a road which the parties (and their predecessors in title) and the public had (at various times) used over a period of some fifty years. Appellants closed the road (by erecting gates and fences) and appellees brought suit in chancery to prohibit appellants from doing so.  In appellants' answer they admitted erecting fences across the road, but denied the said road was a public road.  They stated also that appellees were

estopped from claiming a right to use the road since they had deeded the land (where the road was located) to appellants.

The chancellor held that the road had been abandoned as to the public but ordered appellants to maintain two gates so that appellees, Browning and Herndon, could use the road, and he gave appellants judgment for damages in the sum of $200 against those two appellees. Title to the roadway was quieted in appellant, Lusby. Appellants have appealed and appellees have cross-appealed.

In order to understand the issues hereafter discussed it is necessary to give a general summary of the factual background.

Appellant, Lusby, owns the southeast quarter of Section 20, Township 7 north, Range 10 west, having bought the land in 1955 from appellant, Nolen Troxell, who now holds a mortgage for a portion of the purchase price. Appellee, Sanders, owns the southwest quarter of Section 21, lying on the east side of Lusby's land, and also owns lands on the north side. There is a public road (Romance Road) running east and west a short distance north of the center of Sections 20 and 21. There was an old community road which ran from the public road south along the section line between the two landowners, thence south to the Red Hill Community. Appellees claim this road is still open to them and the public. Appellee, Browning, owns fifty acres just south of (and adjoining) Sanders' land, but the west line of Browning's land is five chains east of the section line, *i.e.* east of the old road in controversy. Herndon's land joins Browning's land on the south, and the west line is likewise five chains east of the road. Appellant, Troxell, is a party merely because he holds the mortgage on Lusby's land.

*One.* We hold the chancellor was correct in finding the old community road had been abandoned as a public highway. It clearly appears that for many years, until about 1945 or 1950, the public did travel the road (A to C on map) which appears to have been rough and unimproved. On the other hand, the weight of the testimony shows that Lusby and his predecessors had maintained

Sanders

ROMANCE ROAD

A

B

Lusby
(Seats Place)
SE ¼ Sec. 20

Sanders

SEC. 21

Corner of Secs. 20, 21, 28, 29.

SEC. 29

Cleo
Webb

Browning

SEC. 28

Herndon

C

Taylor
(RED HILL COMMUNITY)

Legend:

Road through Sanders
to Seats Place
Road along East-side
of Seats Place

fences or gates across the road for more than seven years before this suit was filed. That being true it must be legally presumed that when any member of the public traveled the road during that period he did so by permission. See: *Porter* v. *Huff,* 162 Ark. 52, 257 S. W. 393.

*Two.* The chancellor erred in quieting title in Lusby to that portion of the road (A to B on map) which is situated on Sanders' land. Lusby claims this portion of the road by virtue of a warranty deed executed in 1945 by Sanders to one Seats who was then the owner of the Lusby land. This deed purported to convey a strip of land one rod wide "for road purposes only." This being true, the use of this strip of land for a roadway by Seats, Troxell, and Lusby was permissive and would remain so for seven years after Sanders had notice to the contrary. No such notice appears in the record. See: *Dial* v. *Armstrong,* 195 Ark. 621, 113 S. W. 2d 503; *Britt* v. *Berry,* 133 Ark. 589, 202 S. W. 830.

*Three.* It follows from what we have previously said that Sanders has a right to use the road (A to B on map) and the chancellor, for that reason, was justified in requiring Lusby to maintain gates for that purpose. By the same token it was error to require Lusby to maintain gates for the sole benefit of appellees, Browning and Herndon. Their land was at least a half-mile away from the land conveyed to Seats by Sanders, and they show no privity of interest with Sanders. If these appellees have no way of ingress and egress to and from their lands their remedy is to apply to the county court in accordance with the applicable statutes.

*Four.* The chancellor ordered Browning and Herndon to pay Lusby $200 as damages for destroying Lusby's fences and gates across the road. That the fences and gates were destroyed is not denied, but appellants say the amount awarded is inadequate. On this point we think the record sustains appellants.

Lusby testified one gate was broken down and the chain and lock were broken; the fences were cut to pieces, torn to pieces, and the posts pulled up; the guy wires on

the fences were cut; some terraces were damaged; and the total cost of repairs will be $400. None of this testimony is denied by Browning and Herndon. Their main defense is based on the alleged right to the use of the road, and not to the amount of damage done. Both sides recognize that the testimony of Lusby, an interested party, is not regarded as uncontradicted. However this testimony was positive and undenied, and we know of no contradicting fact or circumstance in the record. Consequently we are bound to say the weight of the evidence sustains a finding that Lusby has been damaged in the sum of $400, and we so find.

The decree of the trial court is affirmed in part and reversed in part to the extent heretofore indicated, and the cause is remanded for entry of a decree in accordance with this opinion.

Affirmed in part, reversed in part, and remanded.