ROAD IMPROVEMENT DISTRICT NO. 2, PULASKI COUNTY,
v. WINKLER.

Opinion delivered March 4, 1912.

1. HIGHWAYS—JURISDICTION OF COUNTY COURT—COLLATERAL ATTACK.—
Unless it appears from the record of the county court itself, or from
evidence *aliunde*, that the facts essential to the jurisdiction of such
court did not exist, a collateral attack upon a judgment rendered by it
establishing a public road will not prevail.·  (Page 558.)

2. SAME—CONCLUSIVENESS OF ORDER ESTABLISHING.—The record of an
order of the county court purporting to establish a public road is at
least *prima facie* evidence, upon collateral attack, that it was legally
established.    (Page 558.)

3. SAME—ESTABLISHMENT—NOTICE.—The necessity for giving the notice
of the presentation or of the pendency of a proceeding for the estab-
lishment of a public road arises only in cases involving the right of the
land owner across whose land the road is opened to attack the proceed-
ing upon the ground that his land is taken or injured by the public road.
(Page 559.)

4. SAME—ESTABLISHMENT BY PRESCRIPTION.—A right to use land for a
public highway is acquired by prescription where the public holds the
open, exclusive and hostile possession thereof for more than seven
years.    (Page 559.)

5. SAME—AUTHORITY OF COUNTY COURT.—Where a public road has been
established by dedication, by prescription and by an express order of
the county court, that court has authority, under Acts 1907, p. 568,
and Acts 1909, p. 1151, to form such road into an improvement district.
(Page 559.)

6. SAME—WHEN NOT A CITY STREET.—Where a highway lies outside of
the limits of a city, though it adjoins such city, and the adjacent land
is platted and built up with residences, it is a county road, and the
county court is authorized to create an improvement district for its
improvement.    (Page 560.)

7. SAME—FORMATION OF IMPROVEMENT DISTRICT.—The provision of
Acts 1909, p. 1151, section 13, that the land embraced in a road im-
provement district shall be entered upon the assessor's books in con-
venient subdivisions as surveyed by the United States Government
did not intend to exclude from a district lands that had been platted
into lots and blocks.    (Page 560.)

8. SAME—POWER TO CREATE IMPROVEMENT DISTRICT.—The mere fact
that lands lying outside the improvement district may also be bene-
fited does not deprive the county court of the power to create an im-
provement district in which shall be included lands which are benefited.
(Page 561.)

Appeal from Pulaski Circuit Court, First Division; *Robert
J. Lea*, Judge; reversed.

*Bradshaw, Rhoton & Helm,* for appellant.

1. This district was held to have been legally formed under a constitutional act. 92 Ark. 93.

2. Under our laws there are two systems for the formation of improvement districts: (1) applying to land lying wholly within the boundaries of municipalities, and (2) to lands lying wholly outside of said boundaries. The extension of High Street has been used as a public road for more than seven years, and it has been declared a public highway by the county court, the only court having jurisdiction. The court erred in holding that the act relied upon does not apply except to rural roads.

*Mehaffy, Reid & Mehaffy,* for appellee.

1. The statute does not apply to a *street* in addition to the city of Little Rock. The dedication was as a street, and there is no showing that it was ever accepted as a county road by any act of the county court. 59 Ark. 39; 89 *Id.* 517.

2. In opening and laying out a public highway the county court must proceed according to the statute. 66 Ark. 293; 83 *Id.* 239.

3. The record fails to show due notice of the petition for a county road. Kirby's Digest, § § 2995-6-8-9, 3000, 3001. It appears upon the face of the record that the petition was presented and the whole proceedings were had on the same day. 10 Ark. 241; 66 Ark. 293. The statute must be followed or the order is subject to collateral attack. 83 Ark. 238.

4. It does not appear that this is a district of the character contemplated by law. The act only applies to such sections of public roads as are already in existence at the time of the organization of the district. 92 Ark. 93.

5. The act is inapplicable to the improvement of streets and alleys of a city. Act June 1, 1909, § 28, p. 1168; 89 Ark. 517; 92 *Id.* 93. "Street" is a general term, including all urban ways. 7 Words & Phrases, p. 6685. See 49 L. R. A. 757; 90 N. E. 892; 4 S. W. 327, 330; 62 Ark. 141, 143.

*Bradshaw, Rhoton & Helm,* in reply.

1. This was a county road by prescription. 50 Ark. 53, 60; 47 *Id.* 431.

2. The question of notice can not be inquired into on collateral attack. 66 Ark. 292; 83 *Id.* 236, 238.

FRAUENTHAL, J.   A number of persons owning real estate in Pulaski County presented to the county court of that county a petition asking for the formation of a road improvement district under the provisions of an act of the Legislature approved May 2, 1907, entitled, "An act to provide for the creation of road improvement districts, or building, constructing, maintaining and repairing of public roads in the State of Arkansas," as amended by the act approved June 1, 1909 (Acts 1907, p. 568; Acts 1909, p. 1151). A remonstrance was filed to the petition by a number of owners of real estate in the proposed district.   Upon a hearing of the matter in the county court, that court found that the petitioners had complied with the provisions of the above acts, and thereupon adjudged that the territory described in the petition be formed into a road improvement district and known as Road Improvement District No. 2 of Pulaski County, Arkansas.   The remonstrants prayed and obtained an appeal from said order to the circuit court.   In the circuit court the matter was tried upon an agreed statement of facts.   From this it appears that the petition was signed by a majority in value of the owners of land to be affected in the district.   All of the district lies outside of the corporate limits of the city of Little Rock, but is adjacent thereto, and is built up thickly with residences, and most of it is improved in the same manner as other residence portions of said city.   The district is situated in what is known as Braddock's Boulevard Addition to the city of Little Rock, which was laid out and platted into lots and blocks, and the plat thereof was filed in the office of the recorder of said county on November 9, 1891, and thereon a public highway noted as a street, and known as High Street, was dedicated to the public.   This highway is a continuation of what is known as High Street in the city of Little Rock, and by this proceeding it is sought to improve the highway which is outside the corporate limits of said city.   Although said addition was laid out and platted, and the highway thereon was dedicated as a street to the public, the street has never been accepted by the city of Little Rock, and that city has no authority to exercise any jurisdiction over the same or any part of the territory included within the proposed district.   The property lying to the west, north and east of the district and adjacent

thereto is built up and used as residence property, and the improvement contemplated is for the purpose of improving the one highway running north and south, and the cost of the construction thereof will be assessed to the property on each side thereof for 300 feet. While the improvement district is sought to be formed for the purpose of benefiting the property in the district, one of its effects will be to benefit what is known as Braddock's Park, all of which is acreage property, unplatted, and only about three acres of which is included in the district. This park lies just south of and adjacent to the proposed improvement district. For more than fifteen years before the filing of the petition, all that part of the highway or street which is sought to be improved by this district was used by the public as a public highway. After the above named addition had been platted, all property thereafter sold was sold with reference to this and other highways in said addition, and the lots and blocks as represented on such plat. This highway begins at the southern limits of the city of Little Rock and extends through said Braddock's Boulevard Addition to what is known as Thirty-sixth Street in said addition, where Braddock's Park abuts it on the south.

It appears also from this agreed statement that the chief petitioner owned said Braddock's Park, and, prior to the filing of this petition, had entered into an agreement with a contractor to grade, curb and pave this highway. It was also provided in said agreement that, in event an improvement district should be established in said territory, the contractor would enter into an agreement with said improvement district to grade, curb and pave said highway or street and release said petitioner therefrom.

The circuit court found that it was sought by this petition to form a district for the purpose of improving a highway which, while not in the corporate limits of the city, was still a street in the city of Little Rock, and that the highway had never become a public road legally. It further found that some of the property included in the district would receive a less benefit than other property which was without the district and which would not be assessed for the improvement. The court further found that the provisions of said acts of the Legislature under which this proposed improvement district

was sought to be created were applicable only to rural roads, and not to those highways which were in effect streets within towns and cities. It thereupon ordered and adjudged that the petition seeking the formation of said improvement district should be dismissed, and ordered that the organization of the district be declared invalid. From this judgment of the circuit court the petitioners have appealed to this court.

It is urged by counsel for the remonstrants that the order of the county court creating this improvement district is invalid; (1) Because the highway which is sought to be improved is not one of the public roads of said county; and (2) because the acts of the Legislature under which the proceeding is had are applicable only to rural public roads, and not to streets in a municipality, and it is contended that this highway which is sought to be improved is in effect such a street.

It appears from the agreed statement of facts that on February 4, 1910, the county court of Pulaski County made an order declaring and establishing that part of High Street between the south boundary of the city of Little Rock and the south boundary of Thirty-sixth Street in said Braddock's Boulevard Addition a public road or highway. In that order it was recited that a petition seeking the establishment of said public road had been duly filed, signed by the requisite number of resident property owners, as prescribed by law, and that upon hearing thereof the court found that the above part of High Street outside of the limits of the city of Little Rock had been for more than ten years openly, continuously and notoriously used as a public highway, and that in December, 1891, by a bill of assurance the owners of the land over which that portion of High Street runs had dedicated same to the public for use as a highway, and that it was to the best interests of the people of the county that the same should be a public highway. Thereupon said court did order and adjudge that said portion of High Street extending through said Braddock's Boulevard Addition to the limits of the city of Little Rock should be established and opened as a public highway, and did thereby declare the same a public road of said county.

It is contended that this order establishing said public road is null and void, for the reason that it does not appear that proper notice was given of the filing of such petition seeking

the establishment of said road or of the appointment of viewers, or of their report thereon. By virtue of section 28 of art. 7 of the Constitution of 1874, the county court is given exclusive jurisdiction over all matters relating to roads, and thereby it obtained jurisdiction of the subject-matter to which this petition applied. The county court, in the matter of laying out and establishing public roads of the county, is a court of superior jurisdiction. This is a collateral attack made upon a judgment of that court. The judgment of a court of superior jurisdiction, like that of a court of general jurisdiction, is presumed to be valid. Having jurisdiction over the subject-matter, which by the Constitution is granted to it, it will be presumed that the county court has exercised the powers thus confided to it in a legal and valid manner. To give it full and complete jurisdiction, it was only necessary that notice should be given, as prescribed by the statute, of the presentation of this petition, in order that all persons might be bound thereby. Unless it appears from the record itself, or from evidence *aliunde*, that the facts essential to the jurisdiction of such · court did not exist, a collateral attack upon a judgment rendered by it establishing a public road will not prevail. *Brumley* v. *State*, 83 Ark. 236. Such order or judgment may be attacked collaterally where it is affirmatively shown that there was a want of jurisdiction in such court, either of the subject-matter or by failure to give said notice required by law. No proof was introduced to rebut the presumption that said notice was given as required by the statute, and it does not appear from the record itself that such notice was not given. The county court had the power to determine whether notice had been given as required by law for the institution of the proceeding for the establishment of this public road and the sufficiency of the proof thereof. It was not required to spread upon the record the evidence by which it ascertained that notice had been given. The record of the county court purporting to establish a public road is at least *prima facie* evidence that it has been legally established, and this is especially true upon collateral attack. 15 A. & E. Enc. L. 387; *Lingo* v. *Burford*, 112 Mo. 149; *Willis* v. *Sproule*, 13 Kan. 257; *Anderson* v. *Com'r of Hamilton County*, 12 Ohio St. 635. The county court having jurisdiction over the subject-matter of a petition seeking

to establish a public road, and notice in the first instance having been given as required by statute, the jurisdiction of the county court to proceed therein became complete.    Thereafter the failure to take the various further steps prescribed by statute were but irregularities in the exercise of the county court's jurisdiction, which could be corrected upon appeal, but which would not make its order establishing the road null and void. *Lonoke County* v. *CarlLee,* 98 Ark. 345.

In addition to this, however, the necessity for giving the notice of the presentation of the petition or the pendency of the proceeding for the establishment of a public road and the various steps thereafter to be taken arises only in cases involving the right of the land owner across whose land the road is opened to attack the proceeding upon the ground that his land is taken or injured by the public road; and if it should be held that the absence of such notice as to such landowner would render the judgment establishing such road void, because it would be taking his land without due process of law, it would not have that effect where such rights of the land owner were not involved.    15 A. & E. Enc. L. 365.

It appears from the agreed statement of facts in this case that the owner of the land upon which this highway is laid actually dedicated the same to the public, and now recognizes their right thereto.    Thereafter, the public claimed and continuously exercised the right of using it for a public highway for more than seven years prior to the time the county court assumed jurisdiction over it as a public road by virtue of this order.    In the case of *Patton* v. *State,* 50 Ark. 53, it was held that the public may obtain and acquire the right to use the land upon which a public highway is opened by adverse possession and that such right is acquired when the public holds the open, exclusive and hostile possession thereof for more than seven years.    See also *Howard* v. *State,* 47 Ark. 431.

The county court, in making its order establishing this road, found that the public had obtained the same by dedication, use and adverse possession thereof, so that, in any event, the road was a public road, and no person other than the owner of the land upon which it runs could attack collaterally the order of the county court assuming jurisdiction thereof. By virtue of this order the county court assumed the juris-

diction of this road as one of the public roads of the county. This was all which, under the law, was necessary to give to the county court the authority under the above acts to form it into an improvement district.

It is contended that the above acts of the Legislature providing for the formation of a road improvement district are applicable only to rural public roads, and it is urged that the road involved in this proceeding is not such a road, but rather a street in a municipality. This contention is based upon the ground that it lies next to the city of Little Rock, that upon each side thereof are lots and blocks with residences, and that the land lying adjacent thereto is platted and built up thickly with residences in the same manner as portions of the city of Little Rock. But we are of the opinion that this road, although called a street, is in fact one of the public roads of the county. It lies entirely outside of the limits of the city of Little Rock and that municipality therefore has no jurisdiction of it. The county court is the only public authority that could have jurisdiction over it as a highway.

It is provided by our statutes and Constitution that the common councils of cities and towns shall have the power and right to form improvement districts within the limits of the municipalities. By the above acts of the Legislature it is provided that road improvement districts may be formed outside of the limits of municipalities, and we are of the opinion that the provisions of said acts are applicable to all roads lying outside of the limits of municipalities, whether they are adjacent thereto or not, and without reference to the character of the improvements that are near it or the fact that the lands abutting such road are laid out into lots and blocks, or remain acreage property. In the construction of these acts, it was held by this court in the case of *Park View Land Co.* v. *Road Imp. Dist. No. 1*, 92 Ark. 93, that they authorize the formation of part of the county into road improvement districts for the repairing, maintaining and improving of roads then in existence, and that the county court has the power to create improvement districts for the improvement of portions of its public roads. The highway involved in this case was a public road of Pulaski County over which the county court assumed jurisdiction prior to the presentation of the

petition seeking to improve it by the creation of a road improvement district. It lay entirely outside of the limits of any municipality, and was, in fact and in law, a public road of Pulaski County. Its character as a public road was not altered by the fact that it lay next to the city of Little Rock, or that the lands abutting it were platted into lots and blocks and improved with residences. This might occur in any portion of the county far removed from any municipality. These lands, though laid out in lots and blocks, can be entered and described upon the assessor's books equally as well as acreage land, and assessments made against them for the benefits received. We do not think that the provisions of section 13 of said last act, prescribing that the land shall be entered upon the assessor's books in convenient subdivisions as surveyed by the United States Government, is intended to exclude any character of lands that may lie in the improvement district, whether it consist of a few acres or of a few feet; nor do we think that it was the intention of the Legislature that the act should only apply to acreage lands by reason of the provisions of this section prescribing the manner in which acreage lands shall be entered upon the assessor's book.

The mere fact that land lying outside of the improvement district may also be benefited does not deprive the county court of the jurisdiction and power to create an improvement district in which shall be included lands which are benefited. Having the power to create improvement districts, the county court has the discretion to determine what lands should be included therein and what should be excluded. Other lands in the county, although not immediately adjacent to the improvement district, may be benefited, and usually are, by the creation of a road improvement district. But that fact can have no effect upon the power and authority of the county court to establish an improvement district of those lands which it finds are benefited by the formation thereof. Whether or not it has abused its discretion in the matter of the territory which it has included therein, or excluded therefrom, is a different question.

We are of the opinion, therefore, that the highway or street involved in this proceeding is, and was, one of the public roads of Pulaski County; that, inasmuch as the territory

comprised within this improvement district and the highway which it is sought thereby to improve lie entirely without the limits of any municipality, the highway is a public road which the county court has the power to improve, and the lands benefited thereby are such territory which the county court has the authority to create into an improvement district for that purpose; and that it was within the discretion of the county court, subject to review for an abuse of such discretion, to determine whether or not the improvement district should be created out of the territory and lands included in the proposed district.

It follows that the circuit court erred in adjudging that the county court did not have the jurisdiction to create said improvement district and in dismissing the petition therefor. The judgment of the circuit court is reversed, and this case is remanded for further proceedings not inconsistent with this opinion.