McLain *v.* Keel.

## Opinion delivered October 7, 1918.

1. APPEAL AND ERROR—FINDING OF CHANCELLOR—CONCLUSIVENESS.—
On appeal in a chancery case the chancellor's finding will be affirmed where the testimony is in direct conflict upon an issue of fact, and leaves the appellate court in doubt as to where the preponderance lies.

2. ROADS AND HIGHWAYS—RIGHTS OF ORIGINAL OWNER OF HIGHWAY.—
The right which the public acquires in a public highway, whether by order of the county court or by open continuous and adverse user without such order for a period of more than 7 years, is only an easement, the original owner or his privies retaining the fee with all rights not inconsistent with the public use.

3. SAME—ABANDONMENT BY NONUSER.—The right to a public highway, once established by prescription or limitation, may be abandoned by nonuser, and if so abandoned for a period of more than 7 years, the right of the owner of the fee to re-enter and exclude the public from the use of the highway is restored.

Appeal from Jackson Chancery Court; *Geo. T. Humphries,* Chancellor; affirmed.

*Gustave Jones,* for appellants.

The road was never abandoned as a highway. The only way to abolish a road established by order of court, or prescription is the way prescribed by statute. 42 Minn. 391; Kirby's Digest, § 3008; 10 Ark. 241; 65 N. Y. 57; 103 *Id.* 77; 16 Wend. 531; 83 Ky. 608; 83 Ark. 336-8; 35 *Id.* 495. The decree is without evidence to support it.

*S. D. Campbell,* for appellees.

1. The road was established by "user" and was only an easement and had long been abandoned and ceased to be a public road. 24 Ark. 102; 50 *Id.* 471; 51 *Id.* 497; 69 *Id.* 448.

2. This road was never established by order of court and this is not a collateral attack. 83 Ark. 236; 16 Wend. 531; 83 Ky. 608; 64 S. W. 411. The road was clearly abandoned.

WOOD, J. This action was instituted by the appellees against the appellants to enjoin the latter from open-

ing up a certain road through appellees' premises. The appellees alleged in substance that they were the owners of certain lands (describing them) over which there was an old road from Newport to Old Grand Glaize in Jackson County, Arkansas; that the road had been abandoned as a public highway about 30 years ago; that the land over which the road formerly passed had been enclosed by appellees and held by them openly, adversely, and continuously for more than 15 years; that appellant Frank Nelson, as road overseer, acting under orders of appellant W. D. McLain, the county judge of Jackson County, was threatening to destroy appellees' fence and crops in order to open up the road to the public; that no viewers had been appointed and no proper orders made by the county court relating to the opening up of said road. Appellees prayed that appellant be perpetually enjoined. Appellants answered, admitting that the road had been once established as alleged, but denied that it had ever been abandoned.

It could serve no useful purpose as a precedent to set up and discuss in detail the testimony bearing upon the issues of fact as to the establishment of the alleged highway in controversy and the alleged abandonment thereof. There is no record evidence that the road in controversy had ever been laid out and established as such by order of the county court in the manner provided by law. We are convinced from the testimony that the road was established at least by user. The record of the county court and other evidence tends to prove that the right of the public to use the road as a highway was recognized by the county court some 25 years before this action was brought; that a road overseer was appointed who worked the road with free labor at that time.

But there was testimony tending to prove that for a long interval between that time and down to the year 1903, when appellees fenced the lands in controversy, the public generally had ceased to use the road. There is also testimony tending to show that the road had not been abandoned by the public. The court found that the

road in controversy had been abandoned and entered a decree perpetually enjoining appellants, as prayed in appellee's complaint. The testimony is in direct conflict on this issue and leaves us in doubt as to where the preponderance lies. The finding of the chancellor therefore, on the issue of fact will not be disturbed. *Leach v. Smith,* 130 Ark. 465, 470; *Holloway v. Eagle, ante* p. 205.

The right which the public acquires in a public highway, whether by order of the county court or whether by open, continuous and adverse user without such order, for a period of more than seven years is only an easement. The original owner or his privies in title still retain the fee, together with all rights not inconsistent with the public use. See *Taylor v. Armstrong,* 24 Ark. 102; *Packet Co. v. Sorrels,* 50 Ark. 467, 471; *Reichert v. Ry.,* 51 Ark. 491. See also *Kendall v. J. I. Porter Lumber Co.,* 69 Ark. 448.

It is well settled that where a highway is used by the public for a period of more than seven years, openly, continuously and adversely, the public acquires an easement by prescription or limitation of which it can not be dispossessed by the owner of the fee. *Patton v. State,* 50 Ark. 53; *District No. 2 v. Winkler,* 102 Ark. 553. But it is also equally well settled that the right to a public highway once established by limitation or prescription may be abandoned by non-user, and if so abandoned for a period of more than seven years, the right of the owner of the fee to re-enter and to thereby exclude the public from the use of the highway is restored. See *Phillips v. Lawrence,* 23 Ken. Law Rep. 824-825, where the facts were very similar to the facts of this record. In *Corning v. Gould,* 16 Wend. 531, it is held that, in order to prove an abandonment, the enjoyment must have totally ceased for the same length of time as was necessary to create an original presumption.

Under our statute the right by limitation or prescription is established by adverse user for a period of seven years. *Johnson v. Lewis,* 47 Ark. 66; *Clay v. Penzel,* 79 Ark. 5. See also *State v. Parker,* 132 Ark. 316. Non-user for the same length of time abandons the right. In

the absence of a statute, the doctrine of "once a highway, always a highway" has no application.

The decree is correct, and it is therefore affirmed.