CLINTON CHAMBER OF COMMERCE *v.* JACOBS.

4-8403                                     207 S. W. 2d 616

Opinion delivered January 26, 1948.

*Opie Rogers,* for appellant.

*J. F. Koone,* for appellees.

ED. F. McFADDIN, Justice. The appellant, for community improvement, purchased a tract of 12 acres for a city dumping ground. This tract was about 300 yards from the nearest public highway, and the land between the highway and the proposed dumping ground was owned by the appellees. Appellant claimed that a roadway had been established by prescription over the appellee's land from the highway to the proposed dumping ground. Accordingly, appellant filed suit in the chancery court to compel appellees to remove their fences and open a roadway to the public across the appellee's land from the highway to the dumping ground. The chancery court, after hearing the evidence, dis-

missed the complaint for want of equity; and from that decree there is this appeal.

Appellant admits that its right to prevail rests entirely on the claim of prescription. We quote from appellant's brief: "The appellant contends that the road is a public road acquired by prescription. It does not contend that the County Court or the Highway Commission created said road or that either agency ever worked or maintained same." That roadways may be established by prescription is recognized by our cases: *Howard* v. *State,* 47 Ark. 431, 2 S. W. 331; *Patton* v. *State,* 50 Ark. 53, 6 S. W. 227; *McLain* v. *Keel,* 135 Ark. 496, 205 S. W. 894. General authorities recognize the same rule: 29 C. J. 371, *et seq.* On the other hand, roadway established by prescription (as distinct from county court order) may be lost for nonuser. *Porter* v. *Huff,* 162 Ark. 52, 257 S. W. 393; *Simpson* v. *State,* 210 Ark. 309, 195 S. W. 2d 545; *Pierce* v. *Jones,* 207 Ark. 139, 179 S. W. 2d 454.

In *McLain* v. *Keel, supra,* Mr. Justice Wood, speaking for this court, clearly stated the rule both as to prescription and nonuser, in this language: "It is well settled that where a highway is used by the public for a period of more than seven years, openly, continuously and adversely, the public acquires an easement by prescription or limitation of which it cannot be dispossessed by the owner of the fee. *Patton* v. *State,* 50 Ark. 53; *Road Improvement District No. 2* v. *Winkler,* 102 Ark. 553, 145 S. W. 209. But it is also equally well settled that the right to a public highway once established by limitation or prescription may be abandoned by nonuser, and if so abandoned for a period of more than seven years, the right of the owner of the fee to re-enter and to thereby exclude the public from the use of the highway is restored."

The proof in the case at bar shows a nonuser for more than seven years. Prior to 1937 the land had been unenclosed woodland, and the owner had permitted the public to go over the land en route to the river nearby. In July, 1937, the appellees enclosed the land with a

wire fence; and this prevented all passage across the land. The appellee Hardy Jacobs testified: "Q. When was the fence put around it? A. Some time in this month of 1937. Q. Some time in July? A. Yes. Q. 1937. Has that fence been there continuously, ever since? A. Ever since then. Q. When you first put up the fence did you leave any gap or opening? A. No. Q. What time or what year after that did you make a gap or opening then? A. It was a year later when I made the gap at the road. Q. Why? A. To haul wood out of it myself. Q. There was some land on the east side? A. That's right. Q. Was it all wooded land? A. There were about 5 acres cleared where they cut wood that winter."

Hardy Jacobs also testified that lespedeza was planted on the cleared ground; that in 1941 he closed the "gap" by placing a post in the center of the old roadway, and running a wire from the adjacent posts to the said center post; and that the land had remained enclosed, and with the public excluded. In a few instances when someone had cut the fence, Jacobs had promptly repaired it. His testimony was substantiated by that of several disinterested witnesses who testified that the land had been fenced against the public, and the roadway had been closed for 10 years. One such witness was the present County Judge of Van Buren county, who testified that the roadway over appellee's land had been fenced against public use "for the last 10 years," and that there had never been a county road over the appellee's land. In short, the preponderance of the evidence shows a nonuser by the public for more than seven years, since the land was fenced in 1937, and this suit was not filed until 1947. The facts in the case at bar are most similar to those in *Porter* v. *Huff*, 162 Ark. 52, 257 S. W. 393, and we apply the holding in that case to this case.

It is unnecessary for us to consider the other contentions raised by the appellees, because we conclude from a study of the evidence that, even if a roadway over appellee's land had ever been established by prescription, nevertheless, it had been lost by nonuser. Such

conclusion necessitates an affirmance of the decree of the chancery court.

Affirmed.