BOWEN *v.* HEWITT.

5-1200                                        299 S. W. 2d 827

Opinion delivered March 18, 1957.

*Tom Kidd,* for appellant.

*Shaver, Tackett, Jones & Lowe,* for appellee.

PAUL WARD, Associate Justice.   Appellants, W. Ray Bowen and Elsie Bowen, and appellees, Jewell Hewitt and Roy Hewitt, own adjoining lands lying along the north side of the Little Missouri River, in Pike County, with appellants' lands lying to the east of appellees' lands.   Prior to 1946 one Clyde Belt owned a portion of the lands now owned by appellants.   Although it is not entirely clear from the record, it seems that the Belt tract of land adjoined appellants' lands on the east prior to 1946 and that there was a public road running north and south along or across the east portion of the Belt land.

This litigation relates to the use of a road which runs from the Hewitt lands east across the Bowen and Belt lands to the aforementioned public road.

It is undisputed that the road in question was used by appellees and the public until 1952 when the road became somewhat in disrepair and its use was discontinued for a time.   Later when appellees attempted to

repair and use the road appellants brought this suit to restrain appellees.

The complaint, after setting forth the ownership of the lands, contains the following material allegations: (a) It refers to a County Court Order in 1946 establishing the road in question as set forth in an exhibit which will be referred to later; (b) Appellees have failed to maintain the road and repair the fences along the same as required to do by the said County Court Order, and; (c) They are trespassers upon appellants' lands. The prayer was that defendants be restrained from traveling through and across plaintiffs' property. In their answer appellees, Jewell Hewitt and Roy Hewitt, admit that they have entered upon the lands of appellants for the purpose of improving the said road and also admit that the road was established in 1946 by an Order of the County Court of Pike County.

According to the exhibits attached to appellants' complaint a petition was filed in the Pike County Court by John W. Hewitt (father of Jewell Hewitt and Roy Hewitt) and other petitioners (not named) to have a road established ''to their bottom fields in Hempstead County.'' (Note: It appears from the testimony that the road in question was used to reach the public road referred to above which ran south across the Little Missouri River and into Hempstead County.) Viewers, appointed by the court, made a report on which the County Court made the following order:

''It is therefore by the Court ordered, considered and adjudged that a road be and the same is hereby established for the use and convenience of petitioners John W. Hewitt and the general public to run Easterly from the SW-1/4 NE-1/4 Sec. 19, Twp. 9 S. R. 23 West, which lands are now owned by John W. Hewitt, down Little Missouri River not more than 60 feet from the River bank and not nearer than 30 feet to said River Bank; and said road shall be constructed at the cost and expense of petitioners and that petitioners be and they are required to fence said right of way by placing a substantial wire fence between said road and the land owned by

W. R. Bowen and his wife, Elsie B. Bowen, and said fence shall be kept and maintained without cost to said landowners, W. R. Bowen and his wife, Elsie B. Bowen and their successors in title; and upon failure to so keep and maintain said fence, said road may be again fenced and taken into the inclosure of W. R. Bowen and wife, or their successors in title; he having agreed to give the right of way across his land free of cost on condition that same be kept fenced without cost to him.''

At the close of appellants' testimony appellees demurred to the sufficiency of the evidence. The trial court sustained appellees' demurrer with the exception hereinafter mentioned. Appellants rely on two principal grounds for a reversal. One ground is that there was substantial evidence to show the road had been abandoned by appellees and that appellees had breached the conditions of the County Court Order establishing the road. The other ground is ''the court erred in not holding the Belt land was crossed by permission.'' After carefully reviewing the testimony as set forth in the record we are of the opinion the trial court committed no reversible error.

*First.* We recognize the rule announced in *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225, that this case must be reversed if there is substantial evidence to support appellants' contention that the road had been abandoned by appellees. We find no such substantial evidence in the record. On the other hand the testimony affirmatively shows that appellees used the road until at least 1952. Appellants themselves do not question that appellees were given the right to use the road by the 1946 County Court Order. Before appellees could lose the right to use this road by abandonment it would have to first be shown that they had abandoned its use for a period of 7 years. See *Clinton Chamber of Commerce* v. *Jacobs,* 212 Ark. 776, 207 S. W. 2d 616. As noted above there is no testimony to establish that fact.

Appellants also contend that appellees lost the right to use the road because of a noncompliance with the County Court Order which required appellees to con-

struct and maintain a fence along the road. Said order also provided that "upon failure to so keep and maintain said fence, said road may be again fenced and taken into the inclosure of W. R. Bowen . . ." Again the evidence shows conclusively that the fence has been maintained at all times and that the road had not been "taken into the inclosure" of W. R. Bowen's land. It is true that appellants have maintained the fence in recent years, but they have done so of their own volition. At no time have appellees refused to keep the fence in repair. If appellants had wanted to reclaim the road under the terms of the Court Order they might have done so at the time of the breach but instead they elected to keep the fence in repair themselves and waive the breach.

*Second.* We cannot agree with appellants' contention that "the court erred in not holding the Belt land was crossed by permission." We find nothing in the complaint filed by appellants which raises this issue. On the other hand the complaint assumes that appellees acquired the right to use the road in question by virtue of the 1946 County Court Order. Not only is this true but there is no substantial testimony to show that the road crossed Belt's land with his permission. On the contrary all the testimony we find in the record is just the opposite. Appellant, W. Ray Bowen, was asked: Q. "Did Mr. Belt give them permission to do that?" (referring to the road going across the Belt land). His answer was "I don't know what Belt did."

The testimony shows that the road as it is now located is not in full compliance with the 1946 County Court Order relative to its distance from the river. In sustaining appellees' demurrer to the evidence the trial court provided that "if it be the desire of the plaintiffs (appellants) such roadway may be located where it now is or at a point along the river bank not more than 60 feet from said bank and not closer than 30 feet to said bank over the lands which were owned by Clyde Belt on the 4th day of June 1946, . . ." This part of the court's order is not objected to by appellees.

Affirmed.