LOVEGROVE *v.* HANNA.

5-3462                                              386 S. W. 2d 947

Opinion delivered February 22, 1965.

*Warner, Warner, Ragon & Smith,* for appellant.

*Fines Batchelor, Jr., J. Sam Wood* and *David O. Partain,* for appellee.

SAM ROBINSON, Associate Justice. The appellant in this case, R. L. Lovegrove, filed this action alleging that there is a public road adjacent to 40 acres of land he owns; that the appellees, Jewel C. and Verna M. Hanna, have constructed a chain link fence across the road in question, and asked that they be enjoined from obstructing the road. Defendants defended on the theory that the road had been abandoned more than seven years prior to the filing of this action and was, therefore, no longer a public road. After considering all the evidence, the Chancellor held that the road in question had been abandoned and denied the petition for an injunction. The plaintiff, Lovegrove, has appealed.

Appellant bought the 40 acres in 1960. However, he had farmed it some 20 years ago. He does not live on the property. At one time there was a dirt road on the property now owned by appellee which had been acquired as a road by prescription. The road ran east and west along the south border of plaintiff's 40 acres and at the southeast corner of appellant's property the road turned south. It is about 90 feet from the southeast corner of appellant's property south to Highway 64-71. There is a graded gravel road extending along the west border of appellant's property which connects with Highway 64-71.

Prior to 1930 Highway 64-71 had been constructed by the State. It is a hard surfaced road; it runs in the same general direction, but at somewhat of an angle, to the old dirt road which was adjacent to appellant's property. The testimony on behalf of appellees is that the dirt road was abandoned after the construction of the hard surfaced road. The dirt road was acquired by prescription and was subject to abandonment. The court said in *Meek* v. *Love,* 197 Ark. 394, 122 S. W. 2d 606,

quoting from *McLain* v. *Keel,* 135 Ark. 496, 205 S. W. 894: ". . . it is also equally well settled that the right to a public highway once established by limitation or prescription may be abandoned by non-user, and if so abandoned for a period of more than seven years, the right of the owner of the fee to re-enter and to thereby exclude the public from the use of the highway is restored."

There was testimony on the part of appellant that there never has been an abandonment, but we cannot say that the finding of the Chancellor that there has been an abandonment is contrary to the preponderance of the evidence.

In addition to the oral testimony in the case, there are numerous pictures which show that the old road has not been used in a long, long time. Morever, there was introduced in evidence a profile survey made by the Highway Department in 1951 when Highway 64-71 was widened. This survey shows all the details of the land and improvements at the point where the old road was originally located and no road is shown on the 1951 plan of the survey. We are of the opinion that if the dirt road had been in existence in 1951 it would have been shown on the plan of the 1951 survey.

When the pictures and survey are considered in conjunction with all the oral testimony, we cannot say the Chancellor's finding is contrary to a preponderance of the evidence.

Affirmed.