**BUFFALO RIVER CONSERVATION & RECREATION COUNCIL et al., Appellants,**

v.

**NATIONAL PARK SERVICE et al., Appellees.**

**No. 76–2029.**

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1977.

Decided Aug. 3, 1977.

Rehearing and Rehearing En Banc Denied Sept. 14, 1977.

---

Randell Templeton, Little Rock, Ark. (argued), for appellants.

Michael A. McCord, Land & Natural Resource Division, U. S. Dept. of Justice, Washington, D. C. (argued), and Peter R. Taft, Asst. Atty. Gen., Washington, D. C., Robert E. Johnson, U. S. Atty., Sam Hugh Park, Asst. U. S. Atty., Fort Smith, Ark., and Michael A. McCord and Edmund B.

Clark, Washington, D. C., on brief, for appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY and WEBSTER, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

This is a timely appeal by plaintiffs from a memorandum opinion (unpublished) and a final order filed on October 26, 1976, dismissing plaintiffs' complaint filed against the National Park Service and park officials.

Congress by Public Law 92–237, 86 Stat. 44, approved March 1, 1972, provided for the establishment of Buffalo National River (hereinafter called the Park) composed of 95,730 acres along the Buffalo River in Arkansas. The Park, through donations by the State of Arkansas and the purchase from willing sellers acquired approximately 60% of the acreage and then ran short of appropriations. Further appropriations are anticipated. Acquired and nonacquired land form a checkerboard pattern. Plaintiff Buffalo River Conservation & Recreation Council and its members are owners of nonacquired land. After an Environmental Impact Statement was prepared and approved, the acquired portion of the Park was opened for public use. The Park at its headquarters posted a map showing land acquired. It also posted no trespassing signs on some land within the proposed boundaries of the Park which had not been acquired. The Park has exercised no possessory rights over the nonacquired property and has not encouraged the use of nonacquired property by the public. Public users trespassed upon the land of private owners, cut fences, left gates open, left debris and annoyed owners by requests to use their phones and bathroom facilities.

Plaintiffs asserted eight separate causes of action. All were dismissed except Count IV with respect to which the court found

the public had acquired a prescriptive right to float down the river and the owners of nonacquired property could fence off their shore lines, but could not obstruct the river. The court also determined that if and when plaintiffs' property is taken or purchased by the United States, plaintiffs are entitled to compensation for their portion of the stream bed encumbered by the easement. Three errors are asserted as a basis for reversal, to wit:

1. Failure to empanel a three-judge court, pursuant to 28 U.S.C. § 2282, for the reason that the constitutionality of Public Law 92–237 presents a substantial federal constitutional issue.

2. Failure to hold Public Law 92–237 unconstitutional as presently applied.

3. Error in holding a prescriptive easement established over the Buffalo River.

■ A careful examination of the record and applicable law satisfies us that the trial court's findings are supported by substantial evidence and that the decision is not based upon an erroneous view of the law. The affirmance could well be rested upon the trial court's well-reasoned unpublished opinion. However, we shall briefly discuss the errors raised upon appeal.

The first and second asserted errors are closely related. The basic issue on each contention is whether a substantial federal constitutional issue is presented. If so, it would be error to deny a three-judge court under 28 U.S.C. §§ 2282 and 2284.[1] A three-judge court can properly be denied if no substantial federal question is raised. "The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this Court as to foreclose the subject." *California Water Service Co.*

*v. Redding,* 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938).

The trial court determined:

For at least eighty years the power of the United States to create parklands has been a recognized and popular function of the national government. *U. S. v. Gettysburg Electric Ry.,* 160 U.S. 668 [16 S.Ct. 427, 40 L.Ed. 576] (1896). The Court can find no special circumstances in the present case which would invite re-examination of this power. The Court will therefore decline to request the empanelment of a three-judge court and will dismiss the constitutional allegations contained in cause of action number one.

We agree with the trial court.

■ Plaintiffs have not prayed for damages for an alleged unlawful taking and there is no substantial evidence to support unlawful taking, nor did the trial court make any finding that there has been an unlawful taking. Even if the Government could be considered as having taken plaintiffs' land, plaintiffs are not entitled to injunctive relief. Their remedy is limited to seeking just compensation under the Tucker Act, 28 U.S.C. §§ 1346(a)(2) & 1491. *Hurley v. Kincaid,* 285 U.S. 95, 104, 52 S.Ct. 267, 76 L.Ed. 637 (1932).

■ On the prescriptive easement issue relating to public use of the Buffalo River and its bed, the trial court found:

The testimony has been abundant and the Court has found that canoeists have floated the Buffalo River for many years. This flotation has been open and ever increasing in intensity. Testimony at the trial indicated that on one recent day as many as 1,200 canoes passed the ranger station at the town of Pruitt. The Court is of the opinion that the usage of the River has been open and adverse for much more than the seven years required by Arkansas law for the establishment of

---

1. Section 2282 has been repealed by Public Law 94–381, approved August 12, 1976. We note, however, that Public Law 94–381 expressly provides that it does not apply to actions commenced prior to its enactment.

a prescriptive public easement over the course of the stream and its bed, and in the same way a public highway can be obtained by prescription, a public right-of-way has been established in the River. *Clinton Chamber of Commerce v. Jacobs,* 212 Ark. 776 [207 S.W.2d 616] (1948); *Howard v. State,* 47 Ark. 431 [2 S.W. 331]; *Patton v. State,* 50 Ark. 53 [6 S.W. 227]; *McClain [McLain] v. Keel,* 135 Ark. 496 [205 S.W. 894].

There is substantial evidence to support the trial court's finding that the usage of the River and its bed has been open and adverse for more than seven years. Under Arkansas law a prescriptive right has been obtained by the public to travel over the non-navigable stream and its bed. *See Weigel v. Cooper,* 245 Ark. 912, 436 S.W.2d 85 (1969); *Fullenwider v. Kitchens,* 223 Ark. 442, 266 S.W.2d 281 (1954).

While the cases cited deal with prescriptive rights-of-way over land, we agree with the trial court that they apply by analogy to rights-of-way over non-navigable streams and their beds.

The judgment appealed from is affirmed.