Joe Bill WALLACE and Ruby
WALLACE *v.* Noland TOLIVER, et al

78-327                                              580 S.W. 2d 939

Opinion delivered May 21, 1979

*Joe D. Villines, Jr.,* for appellants.

*Dale Shoup,* for appellees.

JOHN I. PURTLE, Justice. Appellants own a tract of land in Marion County between appellees' property and Highway 125 South. It is undisputed that in years past a public road crossed the appellants' property and was maintained by the county. The road started in the Peel community and crossed Coon Creek and ended up in the county seat at Yellville. When Bull Shoals Lake was constructed about 1953 it backed Coon Creek up and inundated this Peel-Yellville road. However, some use was made of the road by the public up until the last few years and this is a disputed fact. It is undisputed that the public made very little use of the road after impoundment of Bull Shoals Lake. The Tolivers purchased their property after appellants purchased their property in 1971. The Bonhams acquired their property in 1969. Soon after they acquired their property, appellants fenced it in and in the process placed a portion of the fence across the old road in question.

Appellees filed suit on April 7, 1978, seeking to restrain

appellants from maintaining the fence and requesting they be ordered to restore the road to its former condition and for damages. The court heard the case on August 15, 1978, and entered a decree finding the road was a public road and the public did not cease to use the road until the appellants placed a fence across it and that the fence had not been up for a period of seven years. The decree declared the appellees were entitled to use the road and ordered appellants to remove the fence which prevented its use by them. From the decree appellants bring this appeal alleging the decree is contrary to the law in this case.

Apparently appellants do not dispute the facts as found by the court. Since the findings of fact are not contested, we consider the law as stated in the decree. Since appellants also admit the road was at one time a public road, we look at the only other statement of law contained in the decree. It recited that the law says that roads may be abandoned if the public ceases to use them or if appropriated by individuals.

We agree with this statement of the law but add that the public must abandon the roads or the individual must appropriate them for a period of seven years or more. The decree made it clear that this was the court's understanding of the law although it was not fully stated.

Appellants contend we have held to two different versions of the law in prior decisions. They argue we hold in one line of cases, anchored on the theory expressed in *Nelms v. Steelhammer*, 225 Ark. 429, 283 S.W. 2d 118 (1955), that a public roadway is lost to public use by erection of a gate or gap for a period of seven years. The second line of cases, according to appellants, is exemplified in *McLain v. Keel*, 135 Ark. 496, 205 S.W. 894 (1918), wherein it was held that the singular fact of nonuse by the public for a period of seven years will defeat the public's right to the use of a road. Appellants then contend we confused the issues in *Weir v. Trucks*, 255 Ark. 494, 500 S.W. 2d 923 (1973), by combining the two previously distinguishable theories. We are urged to reclarify the law in the present case.

We have reviewed the cases cited by appellants and are unable to find the distinction as stated by appellants. In

*Nelms,* supra, we held that public acquiescence of gates across a road for seven years amounted to abandonment of the public use. In *McLain,* supra, we held the facts in the case showed the public had abandoned the road for a period of seven years. One of the circumstances considered was that the road had not been worked by the county for more than seven years. The absence of gaps or gates did not prevent the public from abandoning the road. In *Weir,* supra, we again stated the principle set out in *Nelms.*

We hold that the public may abandon its claim to the use of a public road by simply abandoning it through nonuse for a period of seven years or it may lose its right of public use by acquiescing or tolerating gaps or gates without protest for a period of seven years. We have never required that there must be both nonuse for seven years plus the toleration of obstruction for the same period of time.

There were no fences, gaps or gates across the road here in controversy for a period of seven years. The court also found as a matter of fact that the public had not abandoned the use of the road for a period of seven years.

We believe the chancellor correctly stated the law relating to abandonment of public road by nonuser and therefore affirm the decree.

Affirmed.

We agree. HARRIS, C.J., FOGLEMAN and HOLT, JJ.