Claborn JOHNSTON and Alta JOHNSTON *v.*
Robert VERBOON and Carol VERBOON

80-64                                        598 S.W. 2d 752
Supreme Court of Arkansas
Opinion delivered May 27, 1980

*A. Jack King* and *Neva Belcher King*, for appellants.

*Yates, McKenzie & Yates, P.A.*, by: *Ted Yates*, for appellees.

RICHARD L. MAYS, Justice. This is a suit by appellees, Robert and Carol Verboon, to enjoin appellants, Claborn and Alta Johnston, from interfering with the peaceful access to and from appellees' property by use of a dirt roadway which crosses appellants' land. Appellees claim an easement for ingress and egress based upon prescription. The chancellor found a prescriptive easement and granted the relief prayed. The appellants appeal, contending that the chancellor's decision is against the preponderance of the evidence. We find appellants' contention persuasive and, accordingly, reverse and remand.

The roadway in question has been in existence for over thirty years. It is part of an old road which extends from Highway #23 in Franklin County, Arkansas, across a thirty acre tract, acquired by appellants in 1960, to a 10 acre tract, now owned by appellees. The old road enters appellants' thirty acres on the west boundary and continues along the southern part of appellants' property until it crosses onto appellees' acreage and passes an old house which has been located on the property for many years. The road has traditionally been used by those traveling to and from the old house and by occasional hunters and fishermen. Other than the potholes and the generally deteriorated condition of the road, the only obstruction to its use is a wire gap fence which crosses the roadway where it enters appellants' property. Although the wire gap fence was in place before appellants acquired the property, appellants have maintained this en-

trance and built a road in 1965 from a new entrance north of the old entrance which intersects with the old road further south on their property. Since there was no lock on the old wire gap entrance, those using the road to cross appellants' property would simply take the wire gap down and replace it after passing through.

Probably the heaviest and most consistent user of the road in the early 50's was the Roberson family which had owned and occupied the old house on the 10 acre tract for many years. Although the road had been used in the early 40's by other families living in the area, all of the families except the Robersons had relocated by the early 1950's. Maintaining their old homestead for only occasional weekend visits, the Robersons also moved away in 1952. During their absence the roadway fell into general disuse and was frequently impassable. In fact, when the Robersons made their occasional weekend visits, they usually found the road impassable by car, and reached their homestead on foot. Some 20 years later, in 1972, the Robersons returned to live on their old homestead and obtained the permission of appellants before using the old roadway as a means of ingress and egress. In 1975, the Robersons sold the 10 acre tract to the appellees, who lived on the property for a year and then rented it to a Mr. Joe Sugg. Claiming that Sugg was tearing up the road and leaving the gate open, allowing the livestock to stray, appellants put a log chain across the old entrance to prevent its use.

The primary question is whether the old country road that runs through both appellants' and appellees' property is a public or private road. It is well established that the public may acquire an easement by prescription to a roadway by openly, continuously and adversely using it for more than seven years. *Craig* v. *O'Bryan*, 227 Ark. 681, 301 S.W. 2d 18 (1957). Such an easement may be acquired, notwithstanding the erection of a gate across the roadway, as long as the gate was not constructed to exclude the public. *Hoover* v. *Smith*, 248 Ark. 443, 451 S.W. 2d 877 (1970). Even after a prescriptive easement has been acquired by the public, however, it may be abandoned by nonuse. *McLain* v. *Keel*, 135 Ark. 496, 205 S.W. 894 (1918); *Lovegrove* v. *Hanna*, 239 Ark. 44, 386 S.W. 2d

947 (1965). Such abandonment allows the owner to re-enter and prevent the public from re-establishing its prescriptive right to the use of the roadway. To establish abandonment, the nonuse must have continued for the same length of time as was necessary to create the right of use by prescription. *McLain* v. *Keel, supra*; see also Ark. Stat. Ann. § 37-101 (Repl. 1962).

Although recognizing that the public may have acquired a prescriptive easement to the use of the road, appellants argue that the evidence establishes that any easement acquired by the public has been abandoned. Notwithstanding the appellants' argument, however, this court will not disturb the chancellor's decision unless it is clearly against the preponderance of the evidence. *Medlock* v. *Owen*, 105 Ark. 460, 151 S.W. 995 (1912). In this instance, a review of the record concerning the issue of abandonment requires us to so hold. Although in the early 1940's other families living in the area used the old road to reach their homes, the only family living in the area and regularly using the road in the early 1950's was the Robersons. When the Robersons moved away in 1952, there was virtually no use of the road until they returned in 1972. Although the Robersons occasionally returned during their 20 year absence for week-end visits, they usually reached their house by foot, since the old road was usually impassable by car. After the Robersons returned in 1972, they not only secured appellants' permission before they used the road, but made plans to build a new road to their place which did not cross appellants' land. Also, by constructing a new entrance off the old road where it runs parallel with appellants' property, and building a new road to intersect with the old road as it crosses their land, appellants evidenced an intention to re-establish any dominion and control over the old roadway previously forfeited to the public. Until this action was taken the record strongly inindicates that the old road had practically deteriorated into a footpath. Surely, under this set of facts, the evidence preponderates in favor of abandonment.

Reversed and remanded.