Honorable Veo Easley State Representative P. O. Box 308 Sheridan, AR 72150
Dear Representative Easley:
This is in response to your Opinion request wherein you posed the following question?
Does a paper company have a right to exclude the public from using its roads on its own property which have been built and maintained solely with its own funds?
Generally, a property owner has a right to exclude anyone and everyone from his land. However, if the public has continuously used these roads, under certain circumstances, it may have acquired a right to continue such use by "prescriptive easement." Clinton Chamber of Commerce v. Jacobs, 212 Ark. 776, 207 S.W.2d 616
(1948).
It is well settled that where a highway is used by the public for a period of more than seven years, continuously and adversely, the public acquires an easement by prescription or limitation of which it cannot be dispossessed by the owner of the fee.
Clinton, supra, at page 77. See also, Fullenwinder [Fullenwider] v. Kitchens, 223 Ark. 442, 226 S.W.2d 281 (1954). More recently, in Sebastian Lake Development v. United Tel. Co., 240 Ark. 76,398 S.W.2d 208 (1966), at page 83, the Court set out the standard to determine when such use ripens into a right as follows:
 Where there is usage of a passageway over land, whether it began by permission or otherwise, if that usage continues openly for seven years after the landowner has actual knowledge that the use is adverse to his interest or where the usage continues for seven years after the facts and circumstances of the prior usage are such that the landowner would be presumed to know the usage was adverse, then such usage ripens into an absolute right.
Whether the public has acquired a prescriptive easement is a fact question to be determined on a case-by-case basis. If the company you described has closed these roads, it is incumbent upon their former users to timely file suit in chancery court to assert their claim of a prescriptive easement or they may abandon this right by non-use. Clinton Chamber of Commerce, supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David S. Mitchell.